**Ex parte Richard D. SHAKLEE, Relator.**

**No. 96–1275.**

Supreme Court of Texas.

Feb. 21, 1997.

Robert R. Foster, Don E. Williams, Longview, for Relator.

Patricia A. S. Ray, Longview, for Respondent.

**OPINION**

PER CURIAM.

In this habeas corpus proceeding, relator challenges his confinement for violating a divorce decree. Because the trial court's contempt order does not clearly specify the incidences of contempt the court found or the punishment it imposed, we hold that relator's confinement does not comport with due process. Accordingly, the Court orders relator discharged.

Relator Richard Shaklee and Mary Breland divorced in 1993, with Breland receiving custody of their two children. The divorce decree requires Shaklee to share use of a "four-wheeler" with his children as follows:

IT IS FURTHER ORDERED AND DECREED that the use of the four-wheeler shall be divided between RICHARD DEAN SHAKLEE and the children, AMANDA JO SHAKLEE and DANIEL WAYNE SHAKLEE as follows:

RICHARD DEAN SHAKLEE shall have the use and possession of the four-wheeler during the period of time the children are not in school for the summer and during the period of time he wants to take it to Colorado to go elk hunting.

AMANDA JO SHAKLEE AND DANIEL WAYNE SHAKLEE shall have the use and possession of the four-wheeler at all other times not specifically set out to RICHARD DEAN SHAKLEE above.

Breland moved for contempt in January 1996, alleging only that Shaklee "has consistently denied the children the use of the four-wheeler during the period of times provided for in the order."

The court held an evidentiary hearing on Breland's contempt motion on October 23, 1996. Breland testified that Shaklee had retained possession of the four-wheeler from July 12, 1995, until October 18, 1996. There was no evidence regarding when the children were on summer vacation during this period or when Shaklee may have been in Colorado elk hunting.

Following the hearing, the trial court signed an order holding Shaklee in contempt, and committing him to jail, for violating the paragraph regarding the four-wheeler. After finding that Shaklee retained possession of the four-wheeler from July 12, 1995, until October 18, 1996, the court further found that

> on each day from July 12, 1995 until Friday, October 18, 1996 when the children were in school and when RICHARD DEAN SHAKLEE was not in Colorado elk-hunting he had the ability to comply with the prior order of the Court.

The court then held Shaklee in contempt "for each separate violation enumerated above," assessing punishment at thirty days confinement "for each separate violation enumerated above." The order, however, does not specify how many "separate violations" there are. Also, it does not specify whether the separate thirty-day sentences are to run concurrently or consecutively. Relator was incarcerated on October 24, 1996.

After the court of appeals denied Shaklee's petition for writ of habeas corpus,[1] Shaklee sought relief from this Court. We ordered him released on bond pending our consideration of the merits.

 Due process requires a court, before imprisoning a person for violating an earlier order, to sign a written judgment or order of contempt and a written commitment order. *See Ex parte Barnett,* 600 S.W.2d 252, 256 (Tex.1980). The contempt order must "clearly state in what respect the court's [earlier] order has been violated." *Id.* (quoting *Ex parte Proctor,* 398 S.W.2d 917, 918 (Tex.1966)). It follows also that, to satisfy due process, the contempt order must clearly specify the punishment imposed by the court. *Cf.* TEX.FAM.CODE § 157.166(a) (child support enforcement order must specify relief granted by the court). The trial court's contempt order (which was also the commitment order) does not satisfy these requirements.

The court found that Shaklee retained possession of the four-wheeler from July 12, 1995, until October 18, 1996. The court did not determine, however, the days during this period that Shaklee was entitled to possession; i.e., when the children were out of school for the summer and when Shaklee was in Colorado elk hunting. Indeed, there is no evidence about these dates. This deficiency is critical because the court sentenced Shaklee to thirty days incarceration for "each separate violation," which appears to refer to each day that Shaklee violated the decree. Moreover, the order does not specify whether the thirty-day sentences are to run consecutively or concurrently. Thus, a sheriff relying on the contempt order has no way to determine how long Shaklee is to remain in jail. Under these circumstances, the contempt order is void.[2]

1. Shaklee first sought habeas relief from the Sixth Court of Appeals in Texarkana, which denied relief. Shaklee then filed a writ with the Twelfth Court of Appeals in Tyler, which has overlapping jurisdiction with the Sixth Court for matters originating in Gregg County. *See* TEX. GOV'T CODE § 22.201(g), (m). After releasing relator on bond, the Tyler court of appeals learned that relator had already presented his petition to the Texarkana court of appeals. Concluding that

it could not consider the petition under these circumstances, the court denied relief and rescinded the bond.

2. The maximum incarceration for criminal contempt is six months. *See* TEX.GOV'T CODE § 21.002(b). We have held that a court may not carve a continuing contemptuous act into separate violations so as to exceed this maximum punishment. *See Ex parte Hudson,* 917 S.W.2d

**146**

Accordingly, the Court orders relator discharged.

24, 26 (Tex.1996). Because the court's contempt order in this case is fatally vague, we need not

decide whether, if intended to impose consecutive sentences, it would violate *Hudson*.