Ex parte Steven Don McMahan















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-219-CV

EX PARTE STEVEN DON McMAHAN

 

 Original Proceeding
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      This is an original habeas corpus proceeding. The court below found Steven Don McMahan
in contempt for failing to pay court-ordered child support. The court ordered McMahan confined
for thirty days in the Falls County Jail, finding that he was $3,875 in arrears. The contempt order
does not, however, include the pertinent provisions of the child support order which McMahan
violated or the date of each occasion on which McMahan failed to pay such child support.
      The parties have filed a joint motion asking the Court to declare the order in question void;
to discharge McMahan and his surety from the bond; and to cancel the hearing of this cause
scheduled for July 15, 1998. We will grant the motion.
      Due process requires a contempt order to "clearly state in what respect the court's [earlier]
order has been violated." Ex parte Shaklee, 939 S.W.2d 144, 145 (Tex. 1997) (quoting Ex parte
Barnett, 600 S.W.2d 252, 256 (Tex. 1980)). Section 157.166(b) of the Family Code provides that
a contempt order imposing incarceration "must contain findings setting out or incorporating by
reference the provisions of the order for which enforcement was requested and the date of each
occasion when the respondent failed to comply with the order." Tex. Fam. Code Ann. §
157.166(b) (Vernon 1996).
      The order in this case does not satisfy the requirements of due process or section 157.166(b). 
Accordingly, it is void. See Ex parte Garcia, 795 S.W.2d 740, 741 (Tex. 1990) (orig.
proceeding).
      Having found the contempt order void, we conclude McMahan is entitled to the relief
requested. Accordingly, McMahan's application for a writ of habeas corpus is granted. 
McMahan and his surety are hereby discharged from their bond and from any and all restraints
appertaining to the void order. The hearing of this cause scheduled for July 15, 1998, is canceled.
                                                                               PER CURIAM
Before Chief Justice Davis,
      Justice Cummings, and
      Justice Vance
Writ granted
Opinion delivered and filed July 10, 1998
Do not publish