**In re Jesse Brian NESEVITCH, Relator.**

No. 14–02–00770–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 17, 2002.

Elsie Martin–Simon, L.T. Bradt, Houston, for Relator.

Earl B. Cass, Jr., Houston, for Respondent.

Panel consists of Justices YATES, ANDERSON, and FROST.

### OPINION

FROST, Justice.

This petition for writ of habeas corpus arises out of a contempt order for failure to pay child support. The trial court found relator Jesse Brian Nesevitch in criminal and civil contempt for failure to pay child support. Relator complains, among other things, that the contempt order is void because it does not specifically state how relator violated the provisions of the divorce decree.[1] We agree and grant the petition.

---

1. By order dated August 1, 2002, this court   requested the real party in interest, Sandra

Relator and Sandra Nesevitch divorced in 1994. In the divorce decree, Ms. Nesevitch was awarded possession of the couple's two children and relator was ordered to pay child support. On April 3, 2002, Ms. Nesevitch filed her "First Amended Motion for Enforcement of Child Support and Motion to Revoke Suspension of Commitment and Order to Appear." In the motion, she alleged that on several dates relator failed to pay the full amount of child support owed. She asked that relator be held in contempt for violating the terms of the divorce decree relating to child support. Relator responded by filing special exceptions and an answer. After a hearing, the trial court found relator in contempt. On July 16, 2002, the trial court issued its "Order Holding Respondent in Contempt for Failure to Pay Child Support and for Commitment and Judgment for Unpaid Child Support." The trial court ordered relator confined in the Harris County jail for ten days (criminal contempt) and day to day thereafter until he paid $7,817.24 in child support arrearages, $900.00 in attorney's fees to his ex-wife's attorney, and $73.00 in court costs (civil contempt). Relator sought relief though a petition for writ of habeas corpus in this court.

■ An original habeas corpus proceeding is a collateral attack on a contempt judgment. *Ex parte Rohleder*, 424 S.W.2d 891, 892 (Tex.1967); *In re Markowitz*, 25 S.W.3d 1, 2 (Tex.App.—Houston [14th Dist.] 1998, orig. proceeding). The purpose of a writ of habeas corpus is not to determine the guilt of the contemnor, but only to determine whether he was afforded due process of law or if the order of contempt is void. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex.1979); *Markowitz*, 25

S.W.3d at 2. A court will issue a writ of habeas corpus if the order underlying the contempt is void, *Ex parte Shaffer*, 649 S.W.2d 300, 302 (Tex.1983), or if the contempt order itself is void. *Gordon*, 584 S.W.2d at 688. An order is void if it is beyond the power of the court to enter it, or if it deprives the relator of liberty without due process of law. *Markowitz*, 25 S.W.3d at 3; *Ex parte Barlow*, 899 S.W.2d 791, 794 (Tex.App.—Houston [14th Dist.] 1995, orig. proceeding).

■ In his petition for writ of habeas corpus, relator raises several complaints attacking both the criminal and civil contempt. In particular, relator complains the order of contempt is void because it does not state in specific terms how relator violated the divorce decree. Section 157.166 of the Texas Family Code provides that an enforcement order must include: (1) the acts or omissions that are the subject of the order; and (2) the manner of the respondent's noncompliance. TEX. FAM. CODE ANN. § 157.166(a)(2),(3) (Vernon Supp.2002). Moreover, case law holds that a contempt order must "clearly state in what respect the court's [earlier] order has been violated." *Ex parte Shaklee*, 939 S.W.2d 144, 145 (Tex.1997) (quoting *Ex parte Proctor*, 398 S.W.2d 917, 918 (Tex.1966)).

The contempt order in this case states, with respect to the acts or omissions that are the subject of the contempt order and relator's alleged noncompliance:

(3) Respondent [Relator] was charged with separate counts of contempt for failure to pay child support on each date and in the amount as reflected on Exhibit "A" attached hereto.

(5) Respondent [Relator] has contemptuously disobeyed the order by failing to timely make child support payments on

---

Nesevitch, to file a response to the petition on or before August 26, 2002. On August 26, 2002, however, the real party in interest filed

a notice stating that she did not intend to file a response.

each date and in the amount as reflected on Exhibit "A" attached hereto.

"Exhibit A," however, neither specifies the acts or omissions with which relator is charged nor the manner of his noncompliance. Rather, "Exhibit A" is a computer printout entitled "Harris County Child Support System Payment History Report," which lists payments made. It does not list the child support payments relator failed to pay, the amount he failed to pay, nor the dates he failed to make those payments; instead, it lists the payments relator actually made, the amounts paid (with the check numbers in most instances), and the dates the payments were made. Therefore, "Exhibit A" does not bring the contempt order into compliance with section 157.166(a) or the applicable case law.

One purpose of an enforcement order is to notify the offender of how he has violated the provisions of the previous order. *See In re Levingston,* 996 S.W.2d 936, 938 (Tex.App.—Houston [14th Dist.] 1999, orig. proceeding). The contempt order in this case does not notify relator of the acts or omissions that are the subject of the order nor how he violated the divorce decree. The order is clearly insufficient under section 157.166(a) and the case law. Due process requires that a contempt order clearly state the manner in which the court's earlier order has been violated. *See Shaklee,* 939 S.W.2d at 145. As in this case, when the trial court's contempt order fails to set out with particularity the acts or omissions that are the subject of the order and/or the manner of noncompliance, the order is void. *See id.*

Accordingly, we grant relator's petition for writ of habeas corpus and order relator discharged from custody.