Petition for Writ of Habeas Corpus Granted and Opinion filed _____, 2003















Petition for
Writ of Habeas Corpus Granted in Part and Denied in
Part and Opinion filed May29, 2003.

 

 

 

 

In The

 

Fourteenth Court
of Appeals

____________

 

NO. 14-03-00377-CV

____________

 

IN RE BRANNON K. WATSON, Relator

 

 

 

 

 

 




 
 
 
 
 
 
 


 



ORIGINAL PROCEEDING

WRIT OF HABEAS
CORPUS




 
 
 
 
 
 
 


 

 

 



O P I N I O
N

            On March 20, 2003, the trial
court found relator Brannon K. Watson in contempt for
failing to pay court-ordered child support. 
He was sentenced to 120 days in jail (criminal contempt), thereafter to
remain in jail until he paid $558 in child support and $83 in costs (civil
contempt).[1]  It is undisputed he has made the latter
payments.

            The
trial court’s order contained the proviso that Watson’s “sentence shall be
served as set out in Exhibit ‘A’ attached hereto and incorporated herein for
all purposes.”  Exhibit A provided that
his sentence should be served only on weekends: 

IT IS FURTHER ORDERED that said sentence shall be served in forty eight
hour increments on weekends beginning at 7:00 p.m. on Friday and ending at 7:00
p.m. on the following Sunday, with the first such incremental sentence to begin
at 7:00 p.m. on Friday, March 21, 2003 and end at 7:00 p.m. on Sunday, March
23, 2003, and thereafter to begin at 7:00 p.m. on each and every Friday and to
end at 7:00 p.m. on the following Sunday until further order of this Court.

 

            After serving two weekends in jail
and paying the past-due amounts, Watson asked the trial judge to release him
from further incarceration; she refused. 
He filed this petition for writ of habeas corpus, arguing the last six
words quoted above from the attachment (“until further order of this Court”)
rendered the order ambiguous.  We granted
his petition pending final determination, issued the writ, and ordered him
conditionally discharged upon his posting a $500 bond.  See
Tex. Gov’t Code § 22.221(d).  

            It is undisputed Watson has complied
with the civil contempt portion of the order. 
Thus, we are concerned only with the criminal contempt portion.  To satisfy due process, a criminal contempt
order must clearly specify the punishment imposed.  See Ex Parte Shaklee, 939 S.W.2d 144,
145 (Tex. 1997).

            Clearly,
no one can be thrown in jail “until further order of the court”; such an order
would be imprisonment for an indefinite term. 
See Ex parte
Quevedo, 611 S.W.2d 711 (Tex. App.—Corpus Christi
1981, orig. proceeding) (voiding an order incarcerating party until he paid
child support, attorney’s fees, and “until further orders of this Court”).  At the same, every order of contempt is
subject to further orders of the court, whether the order says so or not;
Watson acknowledged as much when he asked the court to release him after he
served only 4 of the 120 days of his sentence.

            Here, the trial court’s order set
out Watson’s sentence (120 days), and the attachment prescribed how it should
be served (on weekends until further order of the court).  It is doubtful a sheriff would be confused by
this order.  See Ex parte
Shaklee, 939 S.W.2d at 145 (stating sheriff must be able to
determine from order how long contemnor was to remain in jail).  At the same time, the term
of Watson’s incarceration should not rest upon implication or conjecture.  See In
re Houston, 92 S.W.3d 870, 875 (Tex. App.—Houston [14th
Dist.] 2002, orig. proceeding).

            If a portion of a contempt order is
void while valid in all other respects, an appellate court may strike the
offending portion and otherwise deny relief. 
See Ex parte Roosth, 881
S.W.2d 300, 301 (Tex. 1994).  All parties
agree the trial court’s provision for weekend-only incarceration is a salutary
provision, and one that should be encouraged in appropriate cases.  Watson’s attorney conceded at oral argument
that the last thing he wanted was for Exhibit A to be eliminated, resulting in
incarceration for 120 days straight.

            Accordingly, we grant in part the petition
for writ of habeas corpus and strike the words “until further order of this
Court” from Exhibit A.  All other
requested relief is denied. We revoke relator's bond
and remand him to the custody of the Harris County Sheriff to
serve the remainder of his sentence as set forth in Exhibit A,
as reformed. strike the words ” until
further order of this Court” from of Exhibit A, and otherwise affirm.  We order [dispositional language].

 

 

                                                                                    

                                                                        /s/        Scott Brister

                                                                                    Chief
Justice

 

Judgment
rendered and Opinion filed May 29, 2003.

Panel
consists of Chief Justice Brister and Justices Fowler and Edelman.











[1]
Specifically, the order stated:

 IT IS THEREFORE ORDERED that
RESPONDENT/OBLIGOR, BRANNON K. WATSON, is committed to the county jail of
Harris County, Texas, and that 
RESPONDENT/OBLIGOR, BRANNON K. WATSON shall be confined therein for a
period of one hundred twenty (120) days for each and every one of the
violations enumerated hereinabove, each and all such sentences to be served
concurrently, and thereafter to remain, day to day, until  RESPONDENT/OBLIGOR, BRANNON K. WATSON, has:

1)     paid, as
additional child support, attorney’s fees and costs of Court as ordered herein,
in the total amount of $558.00 plus post-judgment interest, if any, directly to
the Harris County Domestic Relations Office, 1310 Prairie, Suite 700, Houston,
Texas 77002, by cash, cashier’s check or money order; and 

2)     paid to the District Clerk of Harris County, Texas, 301 Fannin, Houston, Texas
 77002, commitment fees in the amount of $68.00 and steno
fee in the amount of $15.00, for a total of $83.00.