NUMBER 13-04-00026-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

IN RE MARIA C. DOOLEY,                                                              Relator.
                                                                                                                       

On Relator’s Petition for Writ of Habeas Corpus.
                                                                                                                       

O P I N I O N

Before Chief Justice Valdez and Justices Hinojosa and Castillo
Opinion by Justice Hinojosa

          In this original proceeding, relator, Maria C. Dooley, seeks habeas corpus relief. 
Relator asserts she is illegally confined under an order of contempt and commitment
issued by the 105th District Court of Nueces County, Texas. In two issues, relator
contends she is entitled to unconditional release because: (1) the trial court did not
admonish her, and she did not waive her right to be represented by counsel during the
hearing; and (2) the commitment order was not timely filed and entered with the court. We
grant habeas corpus relief. 
A. Background and Procedural History
          On December 29, 1989, relator and real party-in-interest, Moses Del Bosque (“Del
Bosque”) were divorced. Pursuant to an Agreed Modification Order in Suit Affecting the
Parent-Child Relationship signed by the court on September 5, 1997, Del Bosque was
awarded possession of the child at specified times, as well as telephonic visitation. On
October 14, 1998, relator filed a Motion to Modify in Suit Affecting the Parent-Child
Relationship and a Motion for Enforcement and Clarification of Prior Order. On December
21, 1998, Del Bosque filed a Counter-Petition to Modify Parent-Child Relationship and
Counter-Motion for Enforcement in Suit Affecting the Parent-Child Relationship. He filed
a First Amended Motion for Enforcement in Suit Affecting the Parent-Child Relationship on
August 19, 2003, and a Second Amended Counter-Motion for Enforcement in Suit
Affecting the Parent-Child Relationship on December 31, 2003.
          On January 2, 2004, the parties appeared before the trial court for a hearing on the
various motions. Relator appeared without counsel and requested a continuance so she
could obtain an attorney. The trial court denied relator’s request and proceeded with the
hearing. The trial court found that relator had violated the Agreed Modification Order in
Suit Affecting the Parent-Child Relationship by not compelling the parties’ sixteen-year-old
son to visit with his father during the court-ordered periods of possession. The trial court
found that relator had violated the court’s order on ten separate occasions, found her guilty
of criminal contempt, and ordered that she be confined in the Nueces County jail for a
period of 180 days for each violation, with the periods of confinement to run concurrently.
          On January 16, 2004, after a preliminary review of relator’s habeas corpus petition,
we ordered relator released upon her posting of a $5,000 bond, pending our final
determination of her petition. Relator subsequently posted a bond.
B. Analysis
          The United States Constitution’s Fourteenth Amendment guarantee of due process
incorporates the Sixth Amendment assurance that the accused in a criminal prosecution
has the right to counsel. In re Butler, 45 S.W.3d 268, 271 (Tex. App.–Houston [1st Dist.]
2001, orig. proceeding) (citing Ridgway v. Baker, 720 F.2d 1409, 1413 (5th Cir. 1983)).
This right extends to every case in which the litigant may be deprived of his personal liberty
if he loses. Ridgway, 720 F.2d at 1413. Contempt proceedings in Texas have been
characterized as quasi-criminal proceedings which should conform as nearly as practicable
to those in criminal cases. Ex parte Johnson, 654 S.W.2d 415, 420 (Tex. 1983) (orig.
proceeding). Because contempt proceedings are triggered by actions which defy the
state’s authority and entail possible penal sanctions, Texas courts have consistently held
that alleged constructive contemnors are entitled to procedural due process protections
before they may be held in contempt. Id. The Texas Family Code provides:
(a)      In a motion for enforcement or motion to revoke community service,
the court must first determine whether incarceration of the respondent
is a possible result of the proceedings.
 
(b)      If the court determines that incarceration is a possible result of the
proceedings, the court shall inform a respondent not represented by
an attorney of the right to be represented by an attorney and, if the
respondent is indigent, of the right to the appointment of an attorney. 
 
Tex. Fam. Code Ann. § 157.163(a), (b) (Vernon 2002). 
          Here, not only did the motion for enforcement indicate that incarceration was a
possible result of the enforcement proceedings, counsel for Del Bosque specifically
requested incarceration at the hearing. The record in this case is devoid of any endeavor
by the trial court to ascertain relator’s ability to afford an attorney, and relator was not
advised of her statutory right to an attorney.
          The concurrence asserts that the trial court’s failure to admonish relator of her right
to counsel renders only the commitment order void, not the contempt order, because the
contempt order was not beyond the power of the court to enter, citing Ex parte Johnson,
654 S.W.2d 415, 419 (Tex. 1983). However, Johnson is not a family law case. In family
law cases, the Texas Supreme Court has held that absent a knowing and intelligent waiver
by relator of her right to counsel, the trial court has no authority to hold relator in contempt. 
Ex parte Keene, 909 S.W.2d 507, 508 (Tex. 1995) (orig. proceeding); Ex parte Gunther,
758 S.W.2d 226, 226 (Tex. 1988). Accordingly, we hold that the trial court’s order finding
relator guilty of contempt and assessing her punishment at 180 days in jail, signed on
January 9, 2004, is void.
          We sustain relator’s first issue. In view of our disposition of this issue, it is not
necessary to address relator’s second issue. See Tex. R. App. P. 47.1. 
          We order relator discharged and released from the bond she executed pursuant to
our January 16, 2004 order.


 
                                                                           FEDERICO G. HINOJOSA
                                                                           Justice


Concurring Opinion by Justice Castillo.
Opinion delivered and filed this the
4th day of March, 2004.







 

                                    NUMBER 13-04-026-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG





IN RE MARIA C. DOOLEY,                                                              Relator.




On Relator's Petition for Writ of Habeas Corpus.





CONCURRING OPINION

Before Chief Justice Valdez and Justices Hinojosa and Castillo
Concurring Opinion by Justice Castillo

          I join the Court's judgment granting habeas corpus relief. We are called on to
determine whether the trial court had the authority to confine relator for contempt without
the benefit of counsel for her failure to comply with court-ordered access to the minor child. 
Respectfully, I conclude that only the part of the order requiring commitment is void. 
I. The Record
          Relator asserts she was incarcerated without appointment of an attorney, without
an indigency hearing, and without waiving her right to counsel. The real party in interest,
her former husband and the minor child's father, responds that relator only was
incarcerated without the assistance of counsel because she did not present to the trial
court any question regarding her ability to employ an attorney. 
          After an evidentiary hearing, the trial court found, on the day of the hearing, that
relator had the ability to comply with its prior order. The trial court also found that relator
failed to comply with the court's prior order requiring the father's telephonic access to and
possession of the child. The order at issue recites:
Relief Granted
 
IT IS ADJUDGED that Respondent, Maria Dooley, is in contempt for
each separate violation enumerated above. 
 
Criminal Contempt
 
IT IS ORDERED that punishment for each separate violation is
confinement in the county jail of Nueces County, Texas, for a period of 180
days, beginning January 2, 2004. 
 
IT IS THEREFORE ORDERED that Respondent is committed to the
county jail of Nueces County, Texas, for a period of 180 days for each
separate violation enumerated above.
 
IT IS ORDERED that each period of confinement assessed in this
order shall run and be satisfied concurrently.

          The parties do not dispute that the trial court ordered telephonic access to and
physical possession of the minor child during established periods. Relator does not argue
in this proceeding any of the enumerated violations are void. Indeed, issuance of a writ
of habeas corpus is the only relief she seeks. 
          Further, the parties do not dispute that relator was committed to jail without benefit
of counsel. Finally, the parties do not dispute that the trial court did not admonish relator,
proceeding pro se, of the right to be represented by an attorney and, if indigent, of the right
to the appointment of an attorney. 
II. Standard of Review
          We review a petition for writ of habeas corpus to determine whether the order of
commitment is void. Ex parte Swate, 922 S.W.2d 122, 124 (Tex. 1996) (orig. proceeding);
Ex parte Barnett, 600 S.W.2d 252, 254 (Tex. 1980) (orig. proceeding). The commitment
order may be void for one of two reasons: (1) it was beyond the power of the court; or (2)
the contemnor was not afforded due process of law. Ex parte Swate, 922 S.W.2d at 124;
Ex parte Barnett, 600 S.W.2d at 254. 
III. A Contempt Order and A Commitment Order Are Both Required
          The law is well settled that due process requires a court, before imprisoning a
person for violating an earlier order, to sign both: (1) a written judgment or order of
contempt; and (2) a written commitment order. Ex parte Shaklee, 939 S.W.2d 144, 145
(Tex.1997) (orig. proceeding) (per curiam). The contempt order must clearly state in what
respect the court's earlier order has been violated and specify the punishment imposed by
the court. Id. A commitment order, on the other hand, is the warrant, process, or order by
which a court directs a ministerial officer to take custody of a person. Ex parte Hernandez,
827 S.W.2d 858, 858 (Tex. 1992) (orig. proceeding) (per curiam). The form of a
commitment order is not important, but the substance is. Id. 
IV. Analysis
          The parent-child relationship is of constitutional dimension. See In re J.W.T., 872
S.W.2d 189, 194-95 (Tex. 1994) (citing Wiley v. Spratlan, 543 S.W.2d 349, 352 (Tex.
1976)). However, the best interest of the child is always the primary consideration of the
court in determining issues of conservatorship and possession of and access to the child. 
 See In re C.H., 89 S.W.3d 17, 26 (Tex. 2002) ("Just as it is imperative for courts to
recognize the constitutional underpinnings of the parent-child relationship, it is also
essential that emotional and physical interests of the child not be sacrificed merely to
preserve that right."). In the statute governing suits affecting the parent-child relationship,
our Legislature has declared that "[t]he public policy of this state is to. . . assure that
children will have frequent and continuing contact with parents who have shown the ability
to act in the best interest of the child." Tex. Fam. Code Ann. § 153.001(a)(1) (Vernon
2002). The family code further provides that "[t]he best interest of the child shall always
be the primary consideration of the court in determining the issues of conservatorship and
possession of and access to the child." Tex. Fam. Code Ann. § 153.002 (Vernon 2002). 
The significance of that legal concept mandates that court-ordered access to and
possession of a minor child be given full force and effect. 
          The purpose of the order at issue here is to give full force and effect to the trial
court's prior order regarding access to and possession of the minor child. It is, in reality,
two separate orders: a contempt order and a commitment order. See Ex parte Shaklee,
939 S.W.2d at 145. Section 157.163(b) of the family code required the trial court to
admonish relator of her right to counsel before ordering her commitment. See Tex. Fam.
Code Ann. § 157.163(b) (Vernon 2002). This the trial court did not do. Thus, I agree with
the majority that the trial court's failure renders the commitment order void. See Ex parte
Acker, 949 S.W.2d 314, 316 (Tex. 1997) (orig. proceeding). However, I would conclude,
on this record, that relator has not shown that the contempt order is void, only the
commitment order. See Ex parte Acker, 949 S.W.2d at 316 ("We hold that the court's
failure to admonish [appellant] of her right to counsel renders the commitment arising from
the May 1993 contempt order void."). 
          The contempt portion of the order enumerated relator's violations of the court's prior
order and specified the punishment imposed by the court. See id. Relator has not
challenged the trial court's findings of the enumerated violations or argued that the
evidence supporting the findings is insufficient. I would conclude that the contempt portion
of the order was not beyond the power of the court to enter. See Ex parte Johnson, 654
S.W.2d 415, 419 (Tex. 1983) (orig. proceeding) (noting that challenge by habeas corpus
is collateral attack that generally will be unsuccessful if court has jurisdiction over parties
and subject matter). I would sever the contempt portion of the order and, as modified,
leave it intact. 
          This habeas corpus proceeding is directed only to the trial court's commitment order. 
The commitment portion of the order committed relator to jail for the violations enumerated
in the contempt portion of the order. See Ex parte Acker, 949 S.W.2d at 316. The
commitment order did violate relator's due-process rights. See Tex. Fam. Code Ann.
§ 157.163(b) (Vernon 2002); see also Ex parte Swate, 922 S.W.2d at 124; Ex parte
Barnett, 600 S.W.2d at 254. I would declare the severed confinement portion of the order
void. I then would order relator discharged. 
 
                                                                                      ERRLINDA CASTILLO
                                                                                      Justice

Concurring Opinion delivered and filed
this the 4th day of March, 2004.