COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-05-151-CV
  
  

IN 
RE RUSTY WAYNE BISCAMP                                                 RELATOR
 
 
  
------------
 
ORIGINAL 
PROCEEDING
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Relator 
has filed a petition for writ of habeas corpus seeking release from the Hood 
County Jail.  On April 4, 2005, the trial court confined relator to the 
Hood County Jail pursuant to a Judgment of Contempt and Order of 
Commitment.  On April 22, 2005, this court ordered relator released on a 
$2,500 bond pending the outcome of this original proceeding.  See Tex. R. App. P. 52.8(b)(3).
        The 
trial court’s contempt order [see Tab A] is void because it does not meet the 
requirements of section 157.166(a)(1)-(3) and (b) of the family code, which 
provides as follows:
(a) 
An enforcement order must include:
 
    
(1) in ordinary and concise language the provisions of the order for which 
enforcement was requested;
 
    
(2) the acts or omissions that are the subject of the order; [and]
 
    
(3) the manner of the respondent’s noncompliance. . . .
 
(b) 
If the order imposes incarceration or a fine for criminal contempt, an 
enforcement order must contain findings identifying, setting out, or 
incorporating by reference the provisions of the order for which enforcement was 
requested and the date of each occasion when the respondent's failure to comply 
with the order was found to constitute criminal contempt.
 
 
Tex. Fam. Code Ann. § 
157.166(a)(1)-(3), (b) (Vernon 2002); see also In re Nesevitch, 93 S.W.3d 
510, 513 (Tex. App.—Houston [14th Dist.] 2004, orig. proceeding) (holding that 
contempt order, which stated that relator failed to make child support payments 
listed on Exhibit A—a printout that listed only payments made, not payments 
relator failed to make—was not specific enough and therefore void).  The 
order does not include, nor does it reference with any particularity, any of the 
items listed in section 157.166(a)(1)-(3) or (b).  See Tex. Fam. Code Ann. § 
157.166(a)(1)-(3), (b).  It does not identify which order relator was found 
to be in contempt of, which provisions for enforcement were requested, the acts 
or omissions of relator in regard to a specific order, and the manner of his 
noncompliance.  Further, the order fails to set forth with particularity 
the findings the court made in regard to the foregoing along with the date of 
relator’s noncompliance.
        Relator’s 
petition for writ of habeas corpus is granted.  Relator is ordered released 
from bond on this date and discharged from custody.
 
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
 
PANEL 
A:   LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DELIVERED: 
June 14, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.