IN RE BISCAMP

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-151-CV

IN RE RUSTY WAYNE BISCAMP RELATOR

------------

ORIGINAL PROCEEDING

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Relator has filed a petition for writ of habeas corpus seeking release from the Hood County Jail.  On April 4, 2005, the trial court confined relator to the Hood County Jail pursuant to a Judgment of Contempt and Order of Commitment.  On April 22, 2005, this court ordered relator released on a $2,500 bond pending the outcome of this original proceeding.  
See
 
Tex. R. App. P.
 52.8(b)(3). 

The trial court’s contempt order [see Tab A] is void because it does not meet the requirements of section 157.166(a)(1)-(3) and (b) of the family code, which provides as follows:

(a) An enforcement order must include:

(1) in ordinary and concise language the provisions of the order for which enforcement was requested;

(2) the acts or omissions that are the subject of the order; [and]

(3) the manner of the respondent’s noncompliance. . . .

(b) If the order imposes incarceration or a fine for criminal contempt, an enforcement order must contain findings identifying, setting out, or incorporating by reference the provisions of the order for which enforcement was requested and the date of each occasion when the respondent's failure to comply with the order was found to constitute criminal contempt.

Tex. Fam. Code Ann.
 § 157.166(a)(1)-(3), (b) (Vernon 2002); 
see also In re Nesevitch
, 93 S.W.3d 510, 513 (Tex. App.—Houston [14th Dist.] 2004, orig. proceeding) (holding that contempt order, which stated that relator failed to make child support payments listed on Exhibit A—a printout that listed only payments made, not payments relator failed to make—was not specific enough and therefore void).  The order does not include, nor does it reference with any particularity, any of the items listed in section 157.166(a)(1)-(3) or (b).  
See
 
Tex. Fam. Code Ann.
 § 157.166(a)(1)-(3), (b).  It does not identify which order relator was found to be in contempt of, which provisions for enforcement were requested, the acts or omissions of relator in regard to a specific order, and the manner of his noncompliance.  Further, the order fails to set forth with particularity the findings the court made in regard to the foregoing along with the date of relator’s noncompliance.

Relator’s petition for writ of habeas corpus is granted.  Relator is ordered released from bond on this date and discharged from custody.

TERRIE LIVINGSTON

JUSTICE

PANEL A: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DELIVERED: June 14, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.