In re Joseph Wesley Stucki, Individually and Joseph W. Stucki d/b/a Pumpkin Village, Flower Mound Pumpkin Patch, Inc.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-372-CV

IN RE JOSEPH WESLEY STUCKI, RELATOR

INDIVIDUALLY AND D/B/A 

PUMPKIN VILLAGE, FLOWER 

MOUND PUMPKIN PATCH, INC. 

------------

ORIGINAL PROCEEDING

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In nine issues, Relator Joseph W. Stucki, individually and d/b/a Pumpkin Village, Flower Mound Pumpkin Patch, Inc., requests this court to order the trial court to set aside a contempt judgment.  Because we hold that the contempt judgment is void, we conditionally grant the writ of mandamus.  Mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law.
(footnote: 2)  When, as in this case, the contemnor is not restrained, mandamus is the proper vehicle for attacking a contempt judgment.
(footnote: 3)
 Real party in interest Jan Balekian d/b/a Flower Mound Pumpkin Patch  argues that the contempt judgment is really a misnamed interlocutory compensatory damages award or, alternatively, that if it is a contempt judgment, it is a civil contempt judgment, not a criminal contempt judgment.  Balekian cites no authority providing for an interlocutory award of compensatory damages, nor does she point to a motion in the record requesting such an award.  The record shows that she filed a motion for contempt and that, as a result, the trial court issued a show cause order, held a hearing, and issued the contempt judgment complained of.  We reject Balekian’s primary argument.

We also reject her alternative argument that the order complained of holds Relator in civil contempt, not criminal contempt.  As this court has explained,

In a civil contempt order, the court exerts its contempt power to persuade the contemnor to obey a previous order, usually through a conditional penalty.  Because the contemnor can avoid punishment by obeying the court’s order, the contemnor is said to “carr[y] the keys of imprisonment in his own pocket.”  Conversely, a criminal contempt order is punitive in nature and is an exertion of the court’s inherent power to punish a contemnor for some completed act that affronted the court’s dignity and authority.  In criminal contempt proceedings, the court punishes the contemnor for improper past acts, and no subsequent voluntary compliance can enable the contemnor to avoid punishment.
(footnote: 4)
 In this case, the contempt judgment provides that Relator was ordered to appear and show cause why he “should not be punished for Contempt for his failure to comply with the Temporary Injunction” and holds Relator in contempt for violating the temporary injunction.  Additionally, the contempt judgment imposes a fine of $19,686.78.  The contempt judgment does not allow Relator to avoid paying the fine by ceasing some act; instead, it imposes punishment for violating the temporary injunction.
(footnote: 5)  Accordingly, we hold that the trial court found Relator in criminal contempt.

Relator contends and Balekian concedes that the contempt judgment lacks validity in several respects.  In his seventh issue, Relator contends that the contempt judgment is void because it does not specify how he violated the temporary injunction.  We agree.  Due process requires that a contempt order clearly specify how a contemnor violated a previous court order.
(footnote: 6)  The contempt judgment in this case does not explain what Relator did to violate the temporary injunction.  It is therefore void.
(footnote: 7)  We sustain Relator’s seventh issue.  Because this issue is dispositive, we do not reach Relator’s remaining issues.
(footnote: 8) 

Because we have held that the contempt order is void, we lift our stay of the execution of the contempt judgment and conditionally grant a writ of mandamus directing the trial court to vacate the contempt judgment.  We are confident that the trial court will vacate the contempt judgment in a timely manner; our writ will issue only if the court fails to do so.

LEE ANN DAUPHINOT

JUSTICE

PANEL A: CAYCE, C.J.; DAUPHINOT and MCCOY, JJ.

CAYCE, C.J. concurs without opinion.

DELIVERED:  December 15, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Walker v. Packer
, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).

3:
See
 
In re Long
, 984 S.W.2d 623, 625 (Tex. 1999) (orig. proceeding); 
Cadle Co. v. Lobingier
, 50 S.W.3d 662, 666 (Tex. App.—Fort Worth 2001, pet. denied).

4:
Cadle Co.
, 50 S.W.3d at 667 (citations omitted).

5:
See id.

6:
Ex parte Shaklee
, 939 S.W.2d 144, 145 (Tex. 1997).

7:
See id.

8:
See
 
Tex. R. App. P.
 47.1.