COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-05-372-CV

 

 

IN RE JOSEPH WESLEY STUCKI,                                               RELATOR

INDIVIDUALLY
AND D/B/A 

PUMPKIN
VILLAGE, FLOWER 

MOUND PUMPKIN PATCH, INC.                                                             

 

                                              ------------

 

                                    ORIGINAL
PROCEEDING

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








In nine issues, Relator
Joseph W. Stucki, individually and d/b/a Pumpkin Village, Flower Mound Pumpkin
Patch, Inc., requests this court to order the trial court to set aside a
contempt judgment.  Because we hold that
the contempt judgment is void, we conditionally grant the writ of
mandamus.  Mandamus will issue only to
correct a clear abuse of discretion or the violation of a duty imposed by law
when there is no other adequate remedy at law.[2]  When, as in this case, the contemnor is not
restrained, mandamus is the proper vehicle for attacking a contempt judgment.[3]

Real party in interest Jan
Balekian d/b/a Flower Mound Pumpkin Patch 
argues that the contempt judgment is really a misnamed interlocutory
compensatory damages award or, alternatively, that if it is a contempt
judgment, it is a civil contempt judgment, not a criminal contempt
judgment.  Balekian cites no authority
providing for an interlocutory award of compensatory damages, nor does she
point to a motion in the record requesting such an award.  The record shows that she filed a motion for
contempt and that, as a result, the trial court issued a show cause order, held
a hearing, and issued the contempt judgment complained of.  We reject Balekian=s primary argument.

We also reject her
alternative argument that the order complained of holds Relator in civil
contempt, not criminal contempt.  As this
court has explained,








In a civil
contempt order, the court exerts its contempt power to persuade the contemnor
to obey a previous order, usually through a conditional penalty.  Because the contemnor can avoid punishment by
obeying the court=s order, the
contemnor is said to Acarr[y] the
keys of imprisonment in his own pocket.@  Conversely, a criminal
contempt order is punitive in nature and is an exertion of the court=s inherent power to punish a contemnor for some completed act that
affronted the court=s dignity
and authority.  In criminal contempt
proceedings, the court punishes the contemnor for improper past acts, and no
subsequent voluntary compliance can enable the contemnor to avoid punishment.[4]

In this case, the contempt
judgment provides that Relator was ordered to appear and show cause why he Ashould not be punished for Contempt for his failure to comply with the
Temporary Injunction@ and holds
Relator in contempt for violating the temporary injunction.  Additionally, the contempt judgment imposes a
fine of $19,686.78.  The contempt
judgment does not allow Relator to avoid paying the fine by ceasing some act;
instead, it imposes punishment for violating the temporary injunction.[5]  Accordingly, we hold that the trial court
found Relator in criminal contempt.








Relator contends and Balekian
concedes that the contempt judgment lacks validity in several respects.  In his seventh issue, Relator contends that
the contempt judgment is void because it does not specify how he violated the
temporary injunction.  We agree.  Due process requires that a contempt order
clearly specify how a contemnor violated a previous court order.[6]  The contempt judgment in this case does not
explain what Relator did to violate the temporary injunction.  It is therefore void.[7]  We sustain Relator=s seventh issue.  Because this
issue is dispositive, we do not reach Relator=s remaining issues.[8]


Because we have held that the
contempt order is void, we lift our stay of the execution of the contempt
judgment and conditionally grant a writ of mandamus directing the trial court
to vacate the contempt judgment.  We are
confident that the trial court will vacate the contempt judgment in a timely
manner; our writ will issue only if the court fails to do so.

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL A:   CAYCE, C.J.; DAUPHINOT
and MCCOY, JJ.

CAYCE, C.J. concurs without opinion.

DELIVERED: 
December 15, 2005











[1]See Tex. R.
App. P. 47.4.





[2]Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992)
(orig. proceeding).





[3]See In re Long, 984 S.W.2d 623,
625 (Tex. 1999) (orig. proceeding); Cadle Co. v. Lobingier, 50 S.W.3d
662, 666 (Tex. App.CFort Worth 2001, pet. denied).





[4]Cadle Co., 50 S.W.3d at 667 (citations
omitted).





[5]See id.





[6]Ex parte Shaklee, 939 S.W.2d 144, 145 (Tex. 1997).





[7]See id.





[8]See Tex.
R. App. P. 47.1.