

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-08-221-CV

IN RE IGNACIO JACK BURCIE, JR.                    RELATOR

------------

ORIGINAL PROCEEDING

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

This petition for writ of habeas corpus arises out of a contempt order for failure to pay child support. The trial court found Relator Ignacio Jack Burcie, Jr. in criminal and civil contempt for failure to pay child support. Relator complains, among other things, that the contempt order is void because it does not specifically identify the dates of noncompliance, how many violations occurred, or whether the sentences are to run concurrently or consecutively. Because the contempt order is void, we order Relator discharged.

---

[1] See TEX. R. APP. P. 47.4.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Relator and Real Party in Interest Christina Tornero Burcie divorced in 2004. In the divorce decree, the trial court ordered Relator to pay child support of $865.10 on the first day of each month.

On March 7, 2008, Ms. Burcie filed a motion for enforcement of the child support order. In the motion, she alleged that Relator had failed to pay the full amount of child support due on each of the payment dates "shown below." The motion thereafter set forth a chart indicating in columns a due date, the amount due, the date paid, and the amount paid. The motion requested that Relator be held in contempt for each violation alleged in her chart.

On May 20, 2008, the trial court held a hearing on Ms. Burcie's motion for enforcement and found Relator in contempt. In its order holding Relator in contempt, the trial court found, among other things, that Relator "failed to pay child support as ordered to CHRISTINA TORNERO BURCIE through Texas Child Support Disbursement Unit, P.O. Box 659791, San Antonio, Texas 78265-9791 in the amounts and on the dates shown below," after which the trial court pasted into the order a copy of the chart from the motion for enforcement. The order further stated that Relator was "guilty of a separate act of contempt for each such separate failure to pay child support in the amounts ordered" and that the punishment "for each separate violation" was

2

a fine of $500.00 and confinement in the county jail for a period of thirty days to be served on the weekends.

On May 27, 2008, Relator filed his petition for writ of habeas corpus with this court. The following day, we granted temporary relief and ordered Relator discharged on a $250 bond pending our ruling on his petition.[2] We requested a response from Ms. Burcie as the real party in interest but have received none.

### III. GENERAL LAW APPLICABLE TO HABEAS CORPUS PROCEEDINGS

An original habeas corpus proceeding is a collateral attack on a contempt judgment. *Ex parte Rohleder*, 424 S.W.2d 891, 892 (Tex. 1967) (orig. proceeding); *In re Nesevitch*, 93 S.W.3d 510, 512 (Tex. App.—Houston [14th Dist.] 2002, orig. proceeding). The purpose of a writ of habeas corpus is not to determine the guilt of the contemnor but only to determine whether he was afforded due process of law or if the order of contempt is void. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979) (orig. proceeding); *Nesevitch*, 93 S.W.3d at 512. A court will issue a writ of habeas corpus if the order underlying the contempt is void, *Ex parte Shaffer*, 649 S.W.2d 300, 302 (Tex. 1983) (orig. proceeding), or if the contempt order itself is void. *Gordon*, 584 S.W.2d at 688. An order is void if it is beyond the power of the court to enter

---

[2] On May 29, 2008, Relator paid the bond.

3

it, or if it deprives the relator of liberty without due process of law. *Nesevitch*, 93 S.W.3d at 512.

## IV. VOID CONTEMPT ORDER; NO DUE PROCESS OF LAW

In his petition for writ of habeas corpus, Relator raises several complaints attacking both the motion for enforcement and the contempt order. Specifically, Relator complains that the order of contempt is void because it does not identify the dates of noncompliance, how many violations occurred, or whether the sentences run concurrently or consecutively.

Due process requires a court, before imprisoning a person for violating an earlier order, to sign a written judgment or order of contempt and a written commitment order. *See, e.g., Ex parte Barnett*, 600 S.W.2d 252, 256 (Tex. 1980) (orig. proceeding). Section 157.166 of the Texas Family Code provides that an enforcement order must include (1) the acts or omissions that are the subject of the order and (2) the manner of the respondent's noncompliance. TEX. FAM. CODE ANN. § 157.166(a)(2), (3) (Vernon 2002). The contempt order must "clearly state in what respect the court's [earlier] order has been violated." *Ex parte Shaklee*, 939 S.W.2d 144, 145 (Tex. 1997) (orig. proceeding) (quoting *Ex parte Proctor,* 398 S.W.2d 917, 918 (Tex. 1966) (orig. proceeding)). It follows also that, to satisfy due process, the contempt order must clearly specify the punishment imposed by the court. *Cf.* TEX. FAM. CODE

4

ANN. § 157.166(a) (stating that child support enforcement order must specify relief granted by the court); *Shaklee*, 939 S.W.2d at 145.

As previously mentioned, the contempt order in this case states that Relator "failed to pay child support as ordered to CHRISTINA TORNERO BURCIE through Texas Child Support Disbursement Unit, P.O. Box 659791, San Antonio, Texas 78265-9791 in the amounts and on the dates shown below," after which the trial court pasted into the order a copy of the chart from the motion for enforcement. The first few lines of the almost three-page chart are as follows:

| Date Due | Amount Due | Date Paid | Amount Paid |
|----------|------------|-----------|-------------|
| 12/01/04 | $865.10 | | |
| | | 12/01/04 | $504.30 |
| | | 12/10/04 | $504.30 |
| 01/01/05 | $865.10 | | |
| | | 01/07/05 | $865.10 |
| 02/01/05 | $865.10 | | |
| | | 02/25/05 | $300.00 |

The order reflects that Relator timely paid some payments in full, paid more than due on some occasions, paid less than due on some occasions, and made multiple payments in the same month on some occasions. In total, the order sets forth sixty-nine dates on which payments were made, despite the fact that only forty monthly payments were due during the identified time period. Although the order further states that Relator was "guilty of a separate act of

5

contempt for each such separate failure to pay child support in the amounts ordered" and that the punishment "for each separate violation" was a fine of $500.00 and confinement in the county jail for a period of thirty days to be served on the weekends, it does not specify how many separate violations there were or whether the separate thirty-day sentences are to run concurrently or consecutively. Consequently, the contempt order fails to meet the requisites of section 157.166(a) and violates due process. *See* TEX. FAM. CODE ANN. § 157.166(a); *Shaklee*, 939 S.W.2d at 145; *Nesevitch*, 93 S.W.3d at 512–13. Because the order does not specify how many separate violations there were or whether the thirty-day sentences are to run concurrently or consecutively, a sheriff relying on the contempt order has no way to determine how long Relator is to remain in jail. Under these circumstances, the contempt order is void. *See Shaklee*, 939 S.W.2d at 145 (holding that contempt order was void because it failed to specify how many separate violations occurred and whether the thirty-day sentences are to run concurrently or consecutively); *Nesevitch*, 93 S.W.3d at 512–13 (holding contempt order void because it did not list child support payments that relator failed to pay nor the dates he failed to make those payments). We therefore sustain Relator's third and fifth issues and need not reach his remaining issues. *See* TEX. R. APP. P. 47.1.

6

## V.  CONCLUSION

Having sustained Relator's third and fifth issues, we grant his petition for writ of habeas corpus and order Relator released from bond and discharged from custody.

SUE WALKER
JUSTICE

PANEL A:   CAYCE, C.J.; GARDNER and WALKER, JJ.

DELIVERED: June 30, 2008

7