COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-221-CV

 

 

IN RE IGNACIO JACK BURCIE, JR.                                             RELATOR        

 

                                              ------------

 

                                    ORIGINAL
PROCEEDING

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

                                                    

                                              ------------

I.  Introduction

This petition for writ of
habeas corpus arises out of a contempt order for failure to pay child
support.  The trial court found Relator
Ignacio Jack Burcie, Jr. in criminal and civil contempt for failure to pay child
support.  Relator complains, among other
things, that the contempt order is void because it does not specifically
identify the dates of noncompliance, how many violations occurred, or whether
the sentences are to run concurrently or consecutively.  Because the contempt order is void, we order
Relator discharged.








II.  Factual and Procedural Background

Relator and Real Party in Interest Christina Tornero Burcie
divorced in 2004.  In the divorce decree,
the trial court ordered Relator to pay child support of $865.10 on the first
day of each month.  

On March 7, 2008, Ms. Burcie filed a motion for enforcement
of the child support order.  In the
motion, she alleged that Relator had failed to pay the full amount of child
support due on each of the payment dates Ashown below.@  The motion thereafter set forth a chart
indicating in columns a due date, the amount due, the date paid, and the amount
paid.  The motion requested that Relator
be held in contempt for each violation alleged in her chart. 








On May 20, 2008, the trial court held a hearing on Ms.
Burcie=s motion for
enforcement and found Relator in contempt. 
In its order holding Relator in contempt, the trial court found, among
other things, that Relator Afailed to pay
child support as ordered to CHRISTINA TORNERO BURCIE through Texas Child
Support Disbursement Unit, P.O. Box 659791, San Antonio, Texas 78265-9791 in
the amounts and on the dates shown below,@ after which the
trial court pasted into the order a copy of the chart from the motion for
enforcement.  The order further stated
that Relator was Aguilty of a separate act of contempt for
each such separate failure to pay child support in the amounts ordered@ and that the
punishment Afor each separate violation@ was a fine of
$500.00 and confinement in the county jail for a period of thirty days to be
served on the weekends. 

On May 27, 2008, Relator filed his petition for writ of
habeas corpus with this court.  The
following day, we granted temporary relief and ordered Relator discharged on a
$250 bond pending our ruling on his petition.[2]  We requested a response from Ms. Burcie as
the real party in interest but have received none.

III.  General Law Applicable to Habeas Corpus
Proceedings








An original habeas corpus proceeding is a collateral attack
on a contempt judgment.  Ex parte
Rohleder, 424 S.W.2d 891, 892 (Tex. 1967) (orig. proceeding); In re
Nesevitch, 93 S.W.3d 510, 512 (Tex. App.CHouston [14th Dist.]
2002, orig. proceeding).  The purpose of
a writ of habeas corpus is not to determine the guilt of the contemnor but only
to determine whether he was afforded due process of law or if the order of
contempt is void.  Ex parte Gordon,
584 S.W.2d 686, 688 (Tex. 1979) (orig. proceeding); Nesevitch, 93 S.W.3d
at 512.  A court will issue a writ of
habeas corpus if the order underlying the contempt is void, Ex parte Shaffer,
649 S.W.2d 300, 302 (Tex. 1983) (orig. proceeding), or if the contempt order
itself is void.  Gordon, 584
S.W.2d at 688.  An order is void if it is
beyond the power of the court to enter it, or if it deprives the relator of
liberty without due process of law.  Nesevitch,
93 S.W.3d at 512.

IV.  Void Contempt Order; No Due Process of Law

In his petition for writ of habeas corpus, Relator raises
several complaints attacking both the motion for enforcement and the contempt
order.  Specifically, Relator complains
that the order of contempt is void because it does not identify the dates of
noncompliance, how many violations occurred, or whether
the sentences run concurrently or consecutively. 








Due process requires a court, before imprisoning a person
for violating an earlier order, to sign a written judgment or order of contempt
and a written commitment order.  See,
e.g., Ex parte Barnett, 600 S.W.2d 252, 256 (Tex. 1980) (orig.
proceeding).  Section 157.166 of the
Texas Family Code provides that an enforcement order must include (1) the acts
or omissions that are the subject of the order and (2) the manner of the
respondent=s noncompliance.  Tex.
Fam. Code Ann. ' 157.166(a)(2), (3) (Vernon 2002).  The contempt order must Aclearly state in
what respect the court=s [earlier] order has been violated.@  Ex parte Shaklee, 939 S.W.2d 144, 145
(Tex. 1997) (orig. proceeding) (quoting Ex parte Proctor, 398 S.W.2d
917, 918 (Tex. 1966) (orig. proceeding)). 
It follows also that, to satisfy due process, the contempt order must
clearly specify the punishment imposed by the court.  Cf. Tex.
Fam. Code Ann. ' 157.166(a) (stating that child support
enforcement order must specify relief granted by the court); Shaklee,
939 S.W.2d at 145.

As previously mentioned, the contempt order in this case
states that Relator Afailed to pay child support as ordered to
CHRISTINA TORNERO BURCIE through Texas Child Support Disbursement Unit, P.O.
Box 659791, San Antonio, Texas 78265-9791 in the amounts and on the dates shown
below,@ after which the
trial court pasted into the order a copy of the chart from the motion for
enforcement.  The first few lines of the
almost three-page chart are as follows:

Date Due               Amount
Due           Date Paid              Amount Paid

 

12/01/04                $865.10

12/01/04                $504.30

12/10/04                $504.30

01/01/05                $865.10

01/07/05                $865.10

02/01/05                $865.10

02/25/05                $300.00


 








The
order reflects that Relator timely paid some payments in full, paid more than
due on some occasions, paid less than due on some occasions, and made multiple
payments in the same month on some occasions. 
In total, the order sets forth sixty-nine dates on which payments were
made, despite the fact that only forty monthly payments were due during the
identified time period.  Although the
order further states that Relator was Aguilty of a
separate act of contempt for each such separate failure to pay child support in
the amounts ordered@ and that the punishment Afor each separate
violation@ was a fine of $500.00 and confinement in
the county jail for a period of thirty days to be served on the weekends, it
does not specify how many separate violations there were or whether the
separate thirty-day sentences are to run concurrently or consecutively.  Consequently, the contempt order fails to
meet the requisites of section 157.166(a) and violates due process.  See Tex.
Fam. Code Ann. ' 157.166(a); Shaklee, 939 S.W.2d at
145; Nesevitch, 93 S.W.3d at 512B13.  Because the order does not specify how many
separate violations there were or whether the thirty-day sentences are to run
concurrently or consecutively, a sheriff relying on the contempt order has no
way to determine how long Relator is to remain in jail.  Under these circumstances, the contempt order
is void.  See Shaklee, 939
S.W.2d at 145 (holding that contempt order was void because it failed to specify
how many separate violations occurred and whether the thirty-day sentences are
to run concurrently or consecutively); Nesevitch, 93 S.W.3d at 512B13 (holding
contempt order void because it did not list child support payments that relator
failed to pay nor the dates he failed to make those payments).  We therefore sustain Relator=s third and fifth
issues and need not reach his remaining issues. 
See Tex. R. App. P.
47.1.

 








V. 
Conclusion

Having sustained Relator=s third and fifth
issues, we grant his petition for writ of habeas corpus and order Relator
released from bond and discharged from custody.

SUE WALKER

JUSTICE

 

PANEL A:    CAYCE,
C.J.; GARDNER and WALKER, JJ.

 

DELIVERED: June 30, 2008

 











[1]See Tex. R. App. P. 47.4.





[2]On
May 29, 2008, Relator paid the bond.