**Ex Parte Steven R. KEENE,
Relator.  (Two Cases.)**

**Nos. 95–0462, 95–0746.**

Supreme Court of Texas.

Nov. 2, 1995.

Shawn Casey, Sanchia Hudson, Houston, for Relator.

Sam M. Yates, Houston, for Respondent.

PER CURIAM.

In this original habeas corpus proceeding, relator Steven R. Keene has been held in contempt for failure to pay child support.[1] Because the order of contempt was not rendered in compliance with the requirements of section 14.32 of the Family Code,[2] a majority of the Court grants the writ of habeas corpus and, without hearing oral argument, orders the relator discharged.  *See* TEX.R.APP.P. 122.

Steven Keene and Patricia Ann Keene (now Radloff) were divorced in 1989.  The divorce decree awarded primary custody of their child to Radloff and required Keene to pay $175 per month in child support.  During the fall of 1994, Radloff filed a Motion for Enforcement of Child Support.  Radloff's motion for enforcement specifically requested that Keene be held in contempt; hearings on the motion were held on October 6th, November 3rd, and December 14th.  We have been provided with statements of facts from all of the hearings except for the October 6th proceeding.  Keene has given us an affidavit that no record was made of that hearing, which Radloff does not contest.

At the December 14th hearing, the trial court found Keene in contempt for failing to pay amounts totalling $10,675 plus interest and sentenced Keene to six months in jail with no probation, but then reset the commitment hearing for early 1995.  On March 2, 1995, the trial court issued an amended contempt order sentencing Keene to a six-month jail term and setting terms and conditions for probation.  On May 18, 1995, the court signed an order revoking Keene's probation and committing him to jail.

 Keene contends that he is unlawfully confined because the trial court did not advise him of his right to counsel or of his right to appointed counsel under section 14.32(f) of the Family Code.  We agree.

1. Relator Keene has filed two separate but related petitions for habeas corpus relief, numbered 95–0462 and 95–0746.  We consolidate the two petitions, and, by our opinion today, dispose of them both.

2. Section 14.32 of the Family Code was recodified by the 74th Legislature; the provisions relevant to our decision in this case now appear at sections 157.161 and 157.163.  *See* 74th Leg., R.S., ch. 20, 1995 Tex.Sess.Law Serv. 113, 181–82 (Vernon).  Because the trial court proceedings took place before the effective date of the recodification, we refer to the earlier version of the statute.  *See id.* at 282.

Section 14.32 of the Family Code provides, in part:

(b) Record. An enforcement order under this subchapter may not be entered if a record of the proceedings is not made by a court reporter or as provided by Subchapter A, Chapter 54, Government Code....

. . . .

(f) Appointment of Counsel. In any enforcement proceeding in which contempt of court ... is sought, the court shall first determine whether incarceration of the respondent is a possible result of the proceedings. If incarceration is possible, the court shall inform a respondent who is not represented by an attorney of his right to be represented and his right to the appointment of an attorney if he is indigent.

Thus, subsection (f) of section 14.32 required the trial court to inform Keene of his right to counsel; subsection (b) further required that a record of that proceeding be made. In this case, the records of hearings we have been provided do not show that the trial court met its obligation under subsection 14.32(f) to inform Keene of his right to be represented by counsel or that counsel would be appointed if he was indigent. *See Ex parte Gunther,* 758 S.W.2d 226, 227 (Tex. 1988). Under subsection (b) of section 14.32, any instruction or inquiry by the trial court at the October 6th hearing would not support the contempt order because no record was made of that proceeding.

In the absence of a knowing and intelligent waiver by Keene of his right to counsel, made on the record, the trial court had no authority to hold him in contempt. TEX.FAM. CODE §§ 14.32(b), (f); *see Ex parte Gunther,* 758 S.W.2d at 226. Accordingly, we grant the requested writ and order Keene discharged.