In The

Court of Appeals

For The

First District of Texas 

____________


NO. 01-02-00843-CV

_________________



IN RE ANTHONY T. OHIRI, Relator


 


Original Proceeding on Petition for Writ of Habeas Corpus



 


O P I N I O N

Relator, Anthony T. Ohiri, seeks habeas corpus relief asserting that he is
illegally confined under a July 29, 2002 commitment order. We grant habeas corpus
relief.

Factual Background

In January 1993, the trial court, by divorce decree, dissolved relator's marriage
with real party in interest, Ahuna Ohiri, and ordered relator to pay child support. In
January 2002, Ahuna filed her first amended motion for enforcement of child support
order. At the hearing on the motion, relator was represented by counsel. After the
hearing, the trial court, on March 8, 2002, found relator in contempt for violating its
decree and ordered punitive and coercive contempt measures against relator. The trial
court ordered commitment suspended, provided that relator made his on-going child
support payments, paid child support arrearage payments of $1,000 per month, and
paid $100 per month on attorney's fees and costs. The trial court further directed
relator to appear before it on July 22, 2002, to determine if he was complying with
the commitment suspension conditions.

On July 22, 2002, relator appeared, without counsel, before the trial court, and 
Ahuna presented him with her motion to revoke his suspension of commitment. 
Ahuna alleged that relator had not complied with the trial court's March 8 order. The
trial court did not admonish relator of his right to counsel, nor does the record reflect
relator's waiver of such right. The trial court heard evidence on the motion, found
relator non-compliant with the suspension commitment terms, and remanded him to
the custody of the Harris County Sheriff to serve 180-days confinement pursuant to
the March 8 order. On July 29, 2002, the trial court memorialized its ruling by
signing the "Order Revoking Suspension of Remainder of the Term of Incarceration
and Substitute Order for Commitment to County Jail."

On August 9, 2002, after a preliminary review of relator's habeas corpus
petition, we ordered relator released upon his posting of a bond, pending our final
determination of his petition. 

Analysis

Relator asserts that he is entitled to unconditional release from the trial court's
July 29 commitment order because the trial court did not admonish him of, and he did
not waive, his right to be represented by counsel during the hearing.

We may not order the release of relator unless the trial court's order of
commitment is void, either because it was beyond the power of the court or it
deprived the relator of his liberty without due process of law. Ex parte Barnett, 600
S.W.2d 252, 254 (Tex. 1980). 

The Texas Family Code provides:

 (a) In a motion for enforcement or motion to revoke
community service, the court must first determine whether
incarceration of the respondent is a possible result of the
proceedings.


 (b) If the court determines that incarceration is a possible
result of the proceedings, the court shall inform a
respondent not represented by an attorney of the right to be
represented by an attorney and, if the respondent is
indigent, of the right to the appointment of an attorney.


Tex. Fam. Code Ann. §157.163(a),(b) (Vernon 2002).


 The trial court, pursuant to section 157.163(a),(b), should have admonished
relator of his right to counsel at the July 22 compliance hearing. In re Castro, 998
S.W.2d 935, 937 (Tex. App.--Houston [1st Dist.] 1999, orig. proceeding). In Castro,
the relator was held in contempt, but his 30-day sentence was suspended. Id. at 936. 
He was placed on community supervision on the condition that, among other things,
he make monthly payments on his child support arrearage. Id. A year later, relator's
former wife filed a motion to revoke Castro's suspension of commitment. Id. Castro
was arrested and brought to appear at a hearing on the motion to revoke his
suspension of commitment. Id. at 937. At the hearing, the trial court did not
admonish Castro of his right to counsel and he did not waive it. Id. This Court
agreed with Castro's assertion that the trial court violated his statutory due process
right under section 157.163(a),(b) to be admonished of his right to counsel in a
motion to revoke community supervision proceeding. Id.

 Similarly, in this case, with his conditional liberty interest at stake, relator was
instructed to appear before the trial court to determine whether he had violated the
terms of the suspension of commitment order. The fact that the hearing was not
preceded by a new pleading denominated as a motion to revoke community service
is immaterial. The nature of the proceeding, with one of its possible outcomes being
relator's incarceration, was similar to a hearing on a motion to revoke community
service and triggered the section 157.163 (b) requirement that the trial court 
admonish relator of his right to counsel.

 Because relator's statutory due process right to be advised of his right to
counsel was violated, he is entitled to his unconditional release from restraint ordered
by the trial court in its July 29, 2002 commitment order.


 

 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Jennings, and Radack


Publish. Tex. R. App. P. 47.