**In re Maria C. DOOLEY, Relator.**

**No. 13–04–00026–CV.**

Court of Appeals of Texas,
Corpus Christi–Edinburg.

March 4, 2004.

James M. Hendrex, Dudley & Hendrex, Corpus Christi, for Relator.

Charles Smith, and Lynda Boyett, Asst. Atty. Gen., Corpus Christi, John B. Wor-

ley, Child Support Division, Austin, for real parties in interest.

Jeanette Cantu–Bazar, Corpus Christi, attorney ad litem.

Before Chief Justice VALDEZ and Justices HINOJOSA and CASTILLO.

## OPINION

Opinion by Justice HINOJOSA.

In this original proceeding, relator, Maria C. Dooley, seeks habeas corpus relief. Relator asserts she is illegally confined under an order of contempt and commitment issued by the 105th District Court of Nueces County, Texas. In two issues, relator contends she is entitled to unconditional release because: (1) the trial court did not admonish her, and she did not waive her right to be represented by counsel during the hearing; and (2) the commitment order was not timely filed and entered with the court. We grant habeas corpus relief.

A. BACKGROUND AND PROCEDURAL HISTORY

On December 29, 1989, relator and real party-in-interest, Moses Del Bosque ("Del Bosque") were divorced. Pursuant to an Agreed Modification Order in Suit Affecting the Parent–Child Relationship signed by the court on September 5, 1997, Del Bosque was awarded possession of the child at specified times, as well as telephonic visitation. On October 14, 1998, relator filed a Motion to Modify in Suit Affecting the Parent–Child Relationship and a Motion for Enforcement and Clarification of Prior Order. On December 21, 1998, Del Bosque filed a Counter–Petition to Modify Parent–Child Relationship and Counter–Motion for Enforcement in Suit Affecting the Parent–Child Relationship. He filed a First Amended Motion for Enforcement in Suit Affecting the Parent–Child Relationship on August 19, 2003, and

a Second Amended Counter–Motion for Enforcement in Suit Affecting the Parent–Child Relationship on December 31, 2003.

On January 2, 2004, the parties appeared before the trial court for a hearing on the various motions. Relator appeared without counsel and requested a continuance so she could obtain an attorney. The trial court denied relator's request and proceeded with the hearing. The trial court found that relator had violated the Agreed Modification Order in Suit Affecting the Parent–Child Relationship by not compelling the parties' sixteen-year-old son to visit with his father during the court-ordered periods of possession. The trial court found that relator had violated the court's order on ten separate occasions, found her guilty of criminal contempt, and ordered that she be confined in the Nueces County jail for a period of 180 days for each violation, with the periods of confinement to run concurrently.

On January 16, 2004, after a preliminary review of relator's habeas corpus petition, we ordered relator released upon her posting of a $5,000 bond, pending our final determination of her petition. Relator subsequently posted a bond.

B. ANALYSIS

■ The United States Constitution's Fourteenth Amendment guarantee of due process incorporates the Sixth Amendment assurance that the accused in a criminal prosecution has the right to counsel. *In re Butler*, 45 S.W.3d 268, 271 (Tex.App.-Houston [1st Dist.] 2001, orig. proceeding) (citing *Ridgway v. Baker*, 720 F.2d 1409, 1413 (5th Cir.1983)). This right extends to every case in which the litigant may be deprived of his personal liberty if he loses. *Ridgway*, 720 F.2d at 1413. Contempt proceedings in Texas have been characterized as quasi-criminal proceedings which

should conform as nearly as practicable to those in criminal cases. *Ex parte Johnson*, 654 S.W.2d 415, 420 (Tex.1983) (orig.proceeding). Because contempt proceedings are triggered by actions which defy the state's authority and entail possible penal sanctions, Texas courts have consistently held that alleged constructive contemnors are entitled to procedural due process protections before they may be held in contempt. *Id.* The Texas Family Code provides:

(a) In a motion for enforcement or motion to revoke community service, the court must first determine whether incarceration of the respondent is a possible result of the proceedings.

(b) If the court determines that incarceration is a possible result of the proceedings, the court shall inform a respondent not represented by an attorney of the right to be represented by an attorney and, if the respondent is indigent, of the right to the appointment of an attorney.

TEX. FAM.CODE ANN. § 157.163(a), (b) (Vernon 2002).

Here, not only did the motion for enforcement indicate that incarceration was a possible result of the enforcement proceedings, counsel for Del Bosque specifically requested incarceration at the hearing. The record in this case is devoid of any endeavor by the trial court to ascertain relator's ability to afford an attorney, and relator was not advised of her statutory right to an attorney.

The concurrence asserts that the trial court's failure to admonish relator of her right to counsel renders only the commit-

ment order void, not the contempt order, because the contempt order was not beyond the power of the court to enter, citing *Ex parte Johnson*, 654 S.W.2d 415, 419 (Tex.1983). However, *Johnson* is not a family law case. In family law cases, the Texas Supreme Court has held that absent a knowing and intelligent waiver by relator of her right to counsel, the trial court has no authority to hold relator in contempt. *Ex parte Keene*, 909 S.W.2d 507, 508 (Tex. 1995) (orig.proceeding); *Ex parte Gunther*, 758 S.W.2d 226, 226 (Tex.1988). Accordingly, we hold that the trial court's order finding relator guilty of contempt and assessing her punishment at 180 days in jail, signed on January 9, 2004, is void.

We sustain relator's first issue. In view of our disposition of this issue, it is not necessary to address relator's second issue. *See* TEX.R.APP. P. 47.1.

We order relator discharged and released from the bond she executed pursuant to our January 16, 2004 order.[1]

## Concurring Opinion by Justice CASTILLO.

I join the Court's judgment granting habeas corpus relief. We are called on to determine whether the trial court had the authority to confine relator for contempt without the benefit of counsel for her failure to comply with court-ordered access to the minor child. Respectfully, I conclude that only the part of the order requiring commitment is void.

### I. The Record

Relator asserts she was incarcerated without appointment of an attorney, with-

1. We do not address the guilt or innocence of the relator in this habeas corpus proceeding. Only the legality of her detention is relevant. *Ex parte Stringer*, 546 S.W.2d 837, 840 (Tex. Civ.App.-Houston [1st Dist.] 1976, orig. pro-

ceeding). Consequently, our action in discharging relator from custody is without prejudice to the right of the court to retry the issue of contempt after relator is properly admonished.

out an indigency hearing, and without waiving her right to counsel. The real party in interest, her former husband and the minor child's father, responds that relator only was incarcerated without the assistance of counsel because she did not present to the trial court any question regarding her ability to employ an attorney.

After an evidentiary hearing, the trial court found, on the day of the hearing, that relator had the ability to comply with its prior order. The trial court also found that relator failed to comply with the court's prior order requiring the father's telephonic access to and possession of the child. The order at issue recites:

**Relief Granted**

IT IS ADJUDGED that Respondent, Maria Dooley, is in contempt for each separate violation enumerated above.

**Criminal Contempt**

IT IS ORDERED that punishment for each separate violation is confinement in the county jail of Nueces County, Texas, for a period of 180 days, beginning January 2, 2004.

IT IS THEREFORE ORDERED that Respondent is committed to the county jail of Nueces County, Texas, for a period of 180 days for each separate violation enumerated above.

IT IS ORDERED that each period of confinement assessed in this order shall run and be satisfied concurrently.

The parties do not dispute that the trial court ordered telephonic access to and physical possession of the minor child during established periods. Relator does not argue in this proceeding any of the enumerated violations are void. Indeed, issuance of a writ of habeas corpus is the only relief she seeks.

Further, the parties do not dispute that relator was committed to jail without bene-fit of counsel. Finally, the parties do not dispute that the trial court did not admonish relator, proceeding pro se, of the right to be represented by an attorney and, if indigent, of the right to the appointment of an attorney.

## II. Standard of Review

We review a petition for writ of habeas corpus to determine whether the order of commitment is void. *Ex parte Swate*, 922 S.W.2d 122, 124 (Tex.1996) (orig.proceeding); *Ex parte Barnett*, 600 S.W.2d 252, 254 (Tex.1980) (orig.proceeding). The commitment order may be void for one of two reasons: (1) it was beyond the power of the court; or (2) the contemnor was not afforded due process of law. *Ex parte Swate*, 922 S.W.2d at 124; *Ex parte Barnett*, 600 S.W.2d at 254.

## III. A Contempt Order and A Commitment Order Are Both Required

The law is well settled that due process requires a court, before imprisoning a person for violating an earlier order, to sign both: (1) a written judgment or order of contempt; and (2) a written commitment order. *Ex parte Shaklee*, 939 S.W.2d 144, 145 (Tex.1997) (orig.proceeding) (per curiam). The contempt order must clearly state in what respect the court's earlier order has been violated and specify the punishment imposed by the court. *Id.* A commitment order, on the other hand, is the warrant, process, or order by which a court directs a ministerial officer to take custody of a person. *Ex parte Hernandez*, 827 S.W.2d 858, 858 (Tex.1992) (orig.proceeding) (per curiam). The form of a commitment order is not important, but the substance is. *Id.*

## IV. Analysis

The parent-child relationship is of constitutional dimension. *See In re J.W.T.*,

872 S.W.2d 189, 194–95 (Tex.1994) (citing *Wiley v. Spratlan*, 543 S.W.2d 349, 352 (Tex.1976)). However, the best interest of the child is always the primary consideration of the court in determining issues of conservatorship and possession of and access to the child. *See In re C.H.*, 89 S.W.3d 17, 26 (Tex.2002) ("Just as it is imperative for courts to recognize the constitutional underpinnings of the parent-child relationship, it is also essential that emotional and physical interests of the child not be sacrificed merely to preserve that right."). In the statute governing suits affecting the parent-child relationship, our Legislature has declared that "[t]he public policy of this state is to ... assure that children will have frequent and continuing contact with parents who have shown the ability to act in the best interest of the child." TEX. FAM.CODE ANN. § 153.001(a)(1) (Vernon 2002). The family code further provides that "[t]he best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child." TEX. FAM.CODE ANN. § 153.002 (Vernon 2002). The significance of that legal concept mandates that court-ordered access to and possession of a minor child be given full force and effect.

The purpose of the order at issue here is to give full force and effect to the trial court's prior order regarding access to and possession of the minor child. It is, in reality, two separate orders: a contempt order and a commitment order. *See Ex parte Shaklee*, 939 S.W.2d at 145. Section 157.163(b) of the family code required the trial court to admonish relator of her right to counsel before ordering her commitment. *See* TEX. FAM.CODE ANN. § 157.163(b) (Vernon 2002). This the trial court did not do. Thus, I agree with the majority that the trial court's failure renders the commitment order void. *See Ex*

*parte Acker*, 949 S.W.2d 314, 316 (Tex. 1997) (orig.proceeding). However, I would conclude, on this record, that relator has not shown that the contempt order is void, only the commitment order. *See Ex parte Acker*, 949 S.W.2d at 316 ("We hold that the court's failure to admonish [appellant] of her right to counsel renders the commitment arising from the May 1993 contempt order void.").

The contempt portion of the order enumerated relator's violations of the court's prior order and specified the punishment imposed by the court. *See id.* Relator has not challenged the trial court's findings of the enumerated violations or argued that the evidence supporting the findings is insufficient. I would conclude that the contempt portion of the order was not beyond the power of the court to enter. *See Ex parte Johnson*, 654 S.W.2d 415, 419 (Tex.1983) (orig.proceeding) (noting that challenge by habeas corpus is collateral attack that generally will be unsuccessful if court has jurisdiction over parties and subject matter). I would sever the contempt portion of the order and, as modified, leave it intact.

This habeas corpus proceeding is directed only to the trial court's commitment order. The commitment portion of the order committed relator to jail for the violations enumerated in the contempt portion of the order. *See Ex parte Acker*, 949 S.W.2d at 316. The commitment order did violate relator's due-process rights. *See* TEX. FAM.CODE ANN. § 157.163(b) (Vernon 2002); *see also Ex parte Swate*, 922 S.W.2d at 124; *Ex parte Barnett*, 600 S.W.2d at 254. I would declare the severed confinement portion of the order void. I then would order relator discharged.