Opinion issued May 10, 2004











In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-04-00188-CV
____________

IN RE LISA VELEZ, Relator




Original Proceeding on Petition for Writ of Habeas Corpus




MEMORANDUM OPINION
          Relator Lisa Velez requests habeas corpus relief. We grant relief.
          Real party in interest Samuel Javan Olivares brought a motion for enforcement
against relator alleging that she had violated the child visitation order of their divorce
decree. The trial court heard the motion and found relator in contempt for 12
violations of the decree. The trial court assessed relator 60 days confinement for each
violation, the confinement periods to run concurrently. The trial court then
suspended realtor’s commitment and placed her on community supervision subject
to certain terms and conditions. The court set certain dates for relator to appear
before the court to determine whether she was complying with the terms and
conditions of her community supervision.
          On February 19, 2004, the first compliance hearing date, after hearing, the trial
court revoked relator’s suspension of commitment and ordered her confined for 60
days. Before the hearing, the trial court did not admonish relator regarding her right
to counsel, nor on the record obtain her waiver of her right to counsel. Relator filed
her petition for habeas corpus relief with this Court. Being of the tentative opinion
that relator was entitled to relief, pending our final determination of the matter, we
ordered her released from custody conditioned on her posting a bond. Olivares has
not filed a response to relator’s petition.
          We may not order the release of relator unless the trial court’s order of
commitment is void, either because it was beyond the power of the court or it
deprived relator of her liberty without due process of law. In re Ohiri, 95 S.W.3d
413, 415 (Tex. App.—Houston [1st Dist.] 2002, orig. proceeding). Ohiri recognizes
that the Texas Family Code section 157.163(a) requirement that when a community
supervisee’s liberty interest is at stake, the trial court must admonish her of her right
to counsel. Ohiri, 95 S.W.3d at 415. Here the trial court did not admonish relator of
this right, nor did it obtain from her, on the record, a waiver of her right to counsel. 
Under these circumstances, relator is entitled to habeas corpus relief. See id.
          We order relator unconditionally released from the custody of the Fort Bend
County Sheriff. We order relator released from any bond she posted with the Fort
Bend County Sheriff as a condition of her temporary release pending our final
determination of this matter. This opinion, of course, does not relieve relator of her
obligation to comply with the provisions of the December 12, 2003 contempt order
and the September 5, 1990 decree of divorce. 
PER CURIAM
Panel consists of Justices Taft, Hanks, and Higley.