Supplemental Opinion on Motion for Rehearing issued May 19, 2004











In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-04-00188-CV
____________

IN RE LISA VELEZ, Relator




Original Proceeding on Petition for Writ of Habeas Corpus




SUPPLEMENTAL MEMORANDUM OPINION ON MOTION FOR
REHEARING

          Relator Lisa Velez requests a rehearing of her petition for habeas corpus relief. 
On May 10, 2004, we issued an opinion in which we held relator was entitled to
unconditional release from her confinement. On February 19, 2004, relator appeared
before the trial court,


 unrepresented by counsel, for a compliance hearing to
determine whether she was complying with the terms and conditions of the trial
court’s order suspending her sentence of commitment. At the hearing, the trial court
neither admonished relator of her right to counsel, nor obtained a waiver of her right
to counsel on the record. See In re Velez, No. 01-04-00188-CV, slip op. at 2-3 (Tex.
App.—Houston [1st Dist.] May 10, 2004, orig. proceeding) (not designated for
publication), citing In re Ohiri, 95 S.W.3d 413, 415 (Tex. App.—Houston [1st Dist.]
2002, orig. proceeding); Tex. Fam. Code Ann. § 157.163 (Vernon 2002). We deny
relator’s request for rehearing.
Background
          On December 12, 2003, the trial court found relator in contempt for violating 
its 1990 divorce decree 12 times, by not complying with the decree’s child visitation
and contact information provisions. For each of these violations, the trial court
sentenced her to 60 days confinement to run concurrently. The trial court suspended
her commitment, and placed her on community supervision, subject to various terms
and conditions. The trial court then ordered relator to appear before it on February
19, 2004, May 20, 2004, August 19, 2004, November 18, 2004, February 17, 2005
and May 19, 2005 to determine whether she has complied with the community
supervision, suspension of commitment terms and conditions (“terms and
conditions”). 
          At the February 19, 2004 compliance hearing, the trial court found relator had
violated the terms and conditions of her community supervision four times for not
allowing visitation and attending counseling as provided in the terms and conditions.
The trial court thus revoked the suspension of commitment and orded relator to be 
“confined, as ordered by the order suspending commitment, until Respondent [relator]
has served sixty (60) days i.e. April 19, 2004.” Relator was confined for 13 days
from February 19, 2004 until March 3, 2004, when in response to her request we
ordered her conditionally released, pending our final determination of her petition. 
On May 10, 2004, we granted relief. In our opinion, we stated that granting of habeas
corpus reief did not relieve relator of her continuing obligation to comply with the
provisions of the December 12, 2003 contempt order and the September 15, 1990
divorce decree. See In re Velez, slip op. at 3.
          On motion for rehearing, relator contends that we erred in holding that our
opinion did not relieve relator of the obligations imposed on her by the December 12,
2003, contempt order. Specifically, relator notes that the real party in interest
demands her appearance before the trial court on May 20, 2004 for the previously
scheduled second compliance hearing. Relator argues that our holding is void on the
ground of double jeopardy.
 
 
Analysis
          We deny the motion for rehearing. The protection against double jeopardy
does not apply in this case. The United States Constitution, Amendment V provides
that no person shall “be subject for the same offence to be twice put in jeopardy of
life or limb.” Texas Constitution article I, section 14 provides, “No person, for the
same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be
again put upon trial for the same offense, after a verdict of not guilty in a court of
competent jurisdiction.” A revocation of probation proceeding does not place a
person in jeopardy again for the same offense, because the person’s guilt is not at
issue. See Moore v. State, 11 S.W.3d 495, 499 (Tex. App.—Houston [14th Dist.]
2000, no pet.). Rather, the question is whether the person has failed to comply with
the conditions of community supervision. See id. (Holding that the question at a
revocation hearing is whether appellant violated supervision conditions imposed after
determination of guilt). In the instant case, because the trial court revoked relator’s
community supervision and suspension of commitment, the confinement she received
went only toward satisfying the previously assessed confinement, for the
contemptuous acts the trial court already had found in its December 12, 2003
contempt order. The confinement was not additional punishment for violating the
terms and conditions of her community supervision. See Tarver v. State, 725 S.W.2d
195, 197 (Tex. Crim. App. 1986) (“If the district court had revoked applicant’s
probation, the punishment he received would have been for the offense of which he
was originally convicted . . .”).
          Thus, any action taken as a result of the scheduled May 20, 2004 compliance
hearing, will not place relator twice in jeopardy for the contemptuous acts the trial
court found in the December 12, 2003 contempt order. Rather, the trial court will
decide whether relator violated the terms and conditions of its December 12, 20003
order. If it finds that relator violated those terms and conditions and revokes its
suspension of commitment, then any confinement is limited to the balance (60-13=47
days) of the 60 days it originally ordered in the December 12, 2003 contempt order,
which is the punishment for the contemptuous acts for which relator has been tried
only once.
          We overrule relator’s motion for rehearing. 
PER CURIAM
Panel consists of Justices Taft, Alcala, and Bland.