Opinion issued April 30, 2009













 

In The
Court of Appeals
For the
First District of Texas
____________

NO. 01-08-00928-CV
____________

IN RE CLIFFORD ALAN CASEY, Relator




Original Proceeding on Petition for Writ of Habeas Corpus




MEMORANDUM OPINION ON MOTION FOR REHEARINGRelator, Clifford Alan Casey, requests habeas corpus relief from a commitment
order signed by the trial court on November 17, 2008 and a child support enforcement
order signed by the trial court on February 26, 2008.


 The real parties in interest are
the Office of the Attorney General and Emily Engstrom. The Office of the Attorney
General filed a response brief to relator’s petition for writ of habeas corpus, but
Engstrom did not. We grant relief as to the commitment order, but deny relief as to
the enforcement order.
Background
          After a February 25, 2008 hearing, at which relator was represented by counsel,
the associate judge of the trial court prepared a report that ordered relator committed
to the county jail for 90 days as punishment for each of the eight instances for which
it found that relator had violated portions of the trial court’s divorce decree that
required him to pay child support and medical support. The associate judge ordered
that relator serve the 90-day sentences concurrently and appear on June 23, 2008 for
his commitment to confinement. On February 26, 2008, the trial court adopted the
associate judge’s report as its “Order Enforcing Child Support and Medical Support
Obligation” (enforcement order). On June 23, 2008, the trial court recessed the
commitment to July 21, 2008. It ordered that relator make regular child support and
medical support arrearage payments as previously ordered and that failure to do so
would cause relator to be remanded to jail to serve his previously ordered
confinement. 
          On July 21, 2008, the trial court reviewed relator’s deferred commitment and
reset the commitment for November 17, 2008. The trial court reduced relator’s child
support and medical support arrearage to judgments. It ordered that he pay the
judgments by paying $50 on each judgment on the first of the month, starting August
1, 2008, and that he pay the same amount on the first of each month thereafter until
the judgments were paid. The trial court also ordered that by the November 17, 2008
reset commitment date, relator pay $1,000 directly to counsel for Engstrom for
attorney’s fees incurred since a February 2, 2008 order.
          On November 17, 2008, relator appeared before the trial court without counsel. 
The trial court did not admonish relator of his right to counsel. The trial court took
evidence concerning relator’s compliance with its prior orders and determined an
amount by which relator was non-compliant. When relator could not produce funds
sufficient to satisfy the deficiency, the trial court remanded relator to the custody of
the sheriff. The trial court issued a November 17, 2008 commitment order reciting
that in its February 26, 2008 order, it had found relator in contempt for not having
made court ordered child support payments, that it had ordered relator committed to
the county jail for 180 days for each separate act of contempt,


 to run concurrently,
and that it had currently found that there was no reason why such confinement should
not be imposed.
Analysis
          Relator contends that he is entitled to his unconditional release because the trial
court did not admonish him of his right to counsel or seek his knowing and intelligent
waiver of this right at the November 17, 2008 compliance hearing to revoke his
suspension of commitment, at which relator appeared without an attorney. In its
brief, the Office of the Attorney General responds that the February 26, 2008
enforcement order did not suspend relator’s commitment, nor did it order relator to
reappear for a compliance hearing, but, rather, ordered him to appear on June 23,
2008 to begin commitment to the county jail. Nevertheless, it is clear from the
wording of the June 23, 2008 and July 21, 2008 orders, as well as the recording of the
November 17, 2008 hearing, that the nature of the November 17, 2008 hearing, with
relator’s incarceration as one of its possible outcomes, was similar to a hearing on a
motion to revoke a probated sentence. As such, relator was entitled to be admonished
of his right to counsel. See In re Ohiri, 95 S.W.3d 413, 415 (Tex. App.—Houston
[1st Dist.] 2002, orig. proceeding) (holding that compliance hearing, with one of its
possible outcomes being relator’s incarceration, triggered a statutory duty of the trial
court under Texas Family Code, section 157.163(b)


 to admonish relator of his right
to counsel). Because relator’s statutory right to be advised of his right to counsel was
violated, he is entitled to his unconditional release from the restraint ordered by the
trial court in its November 19, 2008 commitment order. See Ohiri, 95 S.W.3d at 415.
          Without supporting argument in his petition, relator prays that we also find
void the trial court’s February 26, 2008 “Order Enforcing Child Support and Medical
Support Obligation.” Relator acknowledges that he was represented by counsel at the
hearing from which the February 26, 2008 enforcement order arose. We decline to
declare it void.
Conclusion
          We order relator unconditionally released from the custody of the Sheriff of
Washington County and any bond posted by relator or on his behalf in connection
with this proceeding to be discharged. We note that this opinion addresses only the
validity of the November 19, 2008 commitment order and does not relieve relator’s
obligations under any of the trial court’s other orders.
 
                                                                                  Tim Taft
                                                                                  Justice
 

Panel consists of Justices Taft, Bland, and Sharp.