

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-12-00005-CV

## IN RE
## MICHELE RENEE HENDERSON
## AND BURTON F. HENDERSON

_____

## Original Proceeding

_____

## MEMORANDUM  OPINION

_____

In this original proceeding, Relators Michele Henderson and Burton (Burt) Henderson (who are married to each other) seek mandamus and habeas corpus relief after having been found in contempt by the respondent trial judge.

Gary Southerland, the real-party-in-interest and Michele's former husband, filed a motion for enforcement against Michele and Burt for allegedly violating two court orders and a McLennan County Standing Order when they relocated S.A.S., the minor daughter of Gary and Michele, to Kansas.  Gary asserted nine separate violations against Michele and Burt and asked the trial court to hold them in contempt and to jail and fine them.  Gary also requested an award of attorney's fees payable to his attorney.

An order to appear for the hearing on the motion for enforcement was issued on September 9, 2011, and the hearing was set for November 17, 2011.

On November 14, 2011, Michele and Burt filed a pro se motion for continuance, which asserted that on September 11, 2011, Gary assaulted Michele, Burt, and S.A.S. during a visitation exchange and that he was subsequently arrested and charged with three counts of assault. The motion for continuance further asserted that, since then, their time and "remaining savings" had been consumed by dealing with the aftermath of the assault, including medical care, counseling for S.A.S., legal fees or expenses, and dealing with numerous levels of law enforcement and Child Protective Services.

The motion for continuance also asserted that Michele and Burt had lost "thousands of dollars" in wasted preparation for a September 13, 2011 hearing that Gary had reset, that their attorneys had withdrawn due to lack of funds and also in part because of an alleged "extrajudicial proposal" by Gary's attorney that all attorneys in the case withdraw. The motion specifically asserted: "We are contacting McLennan County Legal Aid sources for assistance and need time to go through that process, in order to obtain counsel for adequate defense."

At the hearing on Gary's motion for enforcement, the trial court first heard the motion for continuance of Michele and Burt, who appeared pro se. Burt argued that they were unprepared—they needed time to find counsel. Their since-withdrawn attorneys had stayed on "unpaid" and he and Michele were "out of cash." The trial court denied their motion for continuance and proceeded with the hearing on Gary's motion for enforcement.

In closing argument, Gary's attorney asserted that he did not think that "a point is going to be made until there is some time spent in jail … ." The trial court found Michele and Burt in contempt and assessed punishment at sixty days' confinement in the McLennan County jail for each violation, with commitment to begin on December 2, 2011, and with each period of confinement to run and be satisfied concurrently. Their commitment to jail was ordered suspended if, on or before November 28, 2011, they returned S.A.S. to reside in McLennan County and enrolled her in school in McLennan County and they paid court costs of $135 and attorney's fees of $2,500.[1] Separate contempt orders were entered for Michele and Burt, and each order states that each of them "waived the right to counsel."

In their joint "petition for writ of mandamus/habeas corpus," Michele and Burt's first issue asserts that the contempt orders are void because the trial court's failure to admonish them under Family Code section 157.163 deprived them of due process and because they did not waive their right to counsel.

We first address the request for mandamus relief. We recently noted:

A contempt order involving incarceration is reviewable only by habeas corpus. *See Ex parte Williams*, 690 S.W.2d 243, 244 n.1 (Tex. 1985); *Pandozy v. Beaty*, 254 S.W.3d 613, 616 (Tex. App.—Texarkana 2008, no pet.). Such an order not involving incarceration is reviewable only by mandamus. *See In re Long*, 984 S.W.2d 623, 625 (Tex. 1999); *Pandozy*, 254 S.W.3d at 616.

*In re A.P.,* No. 10-08-00338-CV, 2010 WL 3342001, at *1 (Tex. App.—Waco Aug. 25, 2010,

---

[1] According to Gary's response, Michele and Burt did not meet these conditions to suspend their commitment to jail and have not surrendered themselves, but a capias or arrest warrant has not been issued. Depending on the outcome of this proceeding, he anticipates moving to revoke the suspension of their commitment to jail. Under these circumstances, and even though they are not actually incarcerated at this time, a sufficient restraint on their liberty exists to support their pursuit of habeas corpus relief. *See Ex parte Williams*, 690 S.W.2d 243, 244 (Tex. 1985).

no pet.) (mem. op.). Because the contempt orders in this case involve incarceration, they are not reviewable by mandamus and are reviewable only by habeas corpus. Accordingly, to the extent that Michele and Burt seek mandamus relief, their petition is denied.

We next turn to whether Michele and Burt waived their right to counsel, as the contempt orders state.

> Courts use the rules of criminal procedure to evaluate problems presented in child support collection cases because those proceedings are quasi-criminal. *See, e.g., In the Interest of B.C.C.*, 187 S.W.3d at 723 n.2 (citing *Ex parte Sanchez*, 703 S.W.2d 955, 957 (Tex. 1986)); *see also Ex parte Scott*, 133 Tex. 1, 10, 123 S.W.2d 306, 311 (1939) (Further, we acknowledge that proceedings in contempt cases should conform as nearly as practicable to those in criminal cases.). A defendant in a criminal case may waive the right to counsel, but to be effective, a waiver of counsel must be made competently, knowingly, intelligently, and voluntarily. *See Collier v. State*, 959 S.W.2d 621, 625-26 (Tex. Crim. App. 1997) (citing *Godinez v. Moran*, 509 U.S. 389, 400-01, 113 S.Ct. 2680, 2687, 125 L.Ed.2d 321 (1993)). This means the defendant must have a full understanding of the right to counsel and a meaningful awareness of the dangers and disadvantages of self-representation. *Collier*, 959 S.W.2d at 625.

*Hutchins v. State*, No. 12-09-00258-CV, 2010 WL 3249858, at *2 (Tex. App.—Tyler Aug. 18, 2010, no pet.) (mem. op.).

Nothing in the record indicates that Michele and Burt waived their right to counsel. They instead complained in their motion for continuance and before the contempt hearing about needing but not having an attorney. Gary's response does not attempt to support the trial court's waiver finding. The trial court's finding that Michele and Burt waived their right to counsel is erroneous. *Cf. Ex parte Gunther*, 758 S.W.2d 226, 226 (Tex. 1988) (orig. proceeding); *In re Pass*, No. 02-05-00457-CV, 2006 WL

668744 (Tex. App.—Fort Worth Mar. 16, 2006, orig. proceeding) (mem. op.).

Section 175.163 provides in pertinent part:

> (a) In a motion for enforcement or motion to revoke community service, the court *must* first determine whether incarceration of the respondent is a possible result of the proceedings.

> (b) If the court determines that incarceration is a possible result of the proceedings, the court *shall* inform a respondent not represented by an attorney of the right to be represented by an attorney and, if the respondent is indigent, of the right to the appointment of an attorney.

> (c) If the court determines that the respondent will not be incarcerated as a result of the proceedings, the court may require a respondent who is indigent to proceed without an attorney.

> (d) If the respondent claims indigency and requests the appointment of an attorney, the court *shall* require the respondent to file an affidavit of indigency.  The court may hear evidence to determine the issue of indigency.

> (e) Except as provided by Subsection (c), the court *shall* appoint an attorney to represent the respondent if the court determines that the respondent is indigent.

TEX. FAM. CODE ANN. § 157.163 (West 2008) (emphases added).

We have reviewed the reporter's record of the hearing on Gary's motion for enforcement, and it and Gary's motion plainly show that incarceration was a possible result of the proceedings.  The reporter's record does not reflect that the trial court informed Michele and Burt, who were appearing pro se, of their right to be represented by an attorney and, if they were indigent, of their right to the appointment of an attorney.

In his response, Gary tacitly admits that the trial court did not comply with section 157.163 with his argument that the record shows that, by requesting a

continuance to have time to obtain an attorney, Michele and Burt were aware of their right to an attorney and that the trial court's failure to comply with section 157.163 is thus not erroneous. *See Ex parte McIntyre,* 730 S.W.2d 411, 415 (Tex. App.—San Antonio 1987, orig. proceeding) (en banc) ("the record clearly establishes that relator was aware of his right to be represented by an attorney at the hearing and that he was not indigent"). *But see In re Dooley,* 129 S.W.3d 277, 278-79 (Tex. App.—Corpus Christi 2004, orig. proceeding) (granting habeas corpus relief where relator indicated need for more time to get attorney and did not waive right to counsel, and section 157.163 was not complied with). We disagree. *See Dooley,* 129 S.W.3d at 278-79; *see also Pass,* 2006 WL 668744, at *2-3 (granting habeas corpus relief where relator indicated need for more time to get attorney, trial court found relator was not indigent, and relator did not waive right to counsel).

What the record establishes is that Michele and Burt were aware of their need for an attorney; it does not show that they were aware of their *right* to an attorney under section 157.163 because incarceration was a possible result of the proceedings. This distinction is important, especially so given that they did not waive their right to counsel. Section 157.163's admonishments make an alleged contemnor aware of their right to counsel when incarceration is a possible result of the proceedings. Presumably, once aware of the right to counsel, the alleged contemnor can then intelligently exercise the right or waive it.

Gary also argues that Michele and Burt withdrew any notion that they were indigent, focusing on one sentence ("It really wasn't a complaint about the money.") by

Burt when he was arguing the grounds in their motion for continuance about their "time and money" being consumed by the aftermath of Gary's alleged assault of them. We again disagree. *Cf. Ex parte Acker*, 949 S.W.2d 314, 316 (Tex. 1997) (orig. proceeding) ("section 157.163 requires courts to admonish pro se litigants of their right to counsel, regardless of whether they are indigent or not").

First, Burt's one statement relied on by Gary is ambiguous. Furthermore, the motion for continuance specifically stated that their "remaining savings" had been consumed and that they were contacting "McLennan County Legal Aid" for assistance. Additionally, in arguing the motion for continuance, Burt said that they were "out of cash." Based on these complaints of financial hardship and the possible result of incarceration, under section 157.163, the trial court was required to inform Michele and Burt that, if they were indigent, they had the right to appointment of an attorney and that, if they claimed indigency, they were to file affidavits of indigency. TEX. FAM. CODE ANN. § 157.163(b, d).

If a trial court fails to admonish an alleged contemnor in accordance with section 157.163, in the absence of a knowing and intelligent waiver of the right to counsel, there is a violation of a statutory due-process right and the contempt and commitment order is void. *See Acker*, 949 S.W.2d at 316; *Ex parte Keene*, 909 S.W.2d 507, 507-08 (Tex. 1995) (orig. proceeding); *Gunther*, 758 S.W.2d at 226; *Dooley*, 129 S.W.3d at 279; *In re Ohiri*, 95 S.W.3d 413, 415 (Tex. App.—Houston [1st Dist.] 2003, orig. proceeding); *In re Castro*, 998 S.W.2d 935, 937 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding).

This statute [section 157.163] requires courts to admonish *pro se* litigants of

their right to counsel, regardless of whether they are indigent or not. *Ex parte Acker*, 949 S.W.2d 314, 316 (Tex. 1997) (orig. proceeding). Thus, a relator facing incarceration must be informed of his right to counsel and must either waive that right or be provided with court-appointed counsel. *See Argersinger v. Hamlin*, 407 U.S. 25, 37, 92 S.Ct. 2006, 2012 (1972) (holding that under Sixth Amendment, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he had or waived counsel); *see also In re Luebe*, 983 S.W.2d 889, 890 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) ("[C]ontempt cases are considered quasi-criminal in nature, and their proceedings should conform as nearly as practicable to those in criminal cases."). In the absence of a knowing and intelligent waiver of the right to counsel made on the record, the order holding Relator in contempt is void. *See Ex parte Gunther*, 758 S.W.2d 226, 226-27 (Tex. 1988) (orig. proceeding) (granting petition for writ of habeas corpus relief in part because absent knowing waiver of rights, trial court was without authority to hold Gunther in contempt); *In re Lehr*, No. 04-05-00934-CV, 2006 WL 228941, at *1 (Tex. App.—San Antonio Feb. 1, 2006, orig. proceeding) (mem. op.).

*Pass*, 2006 WL 668744, at *1.

Because Michele and Burt did not waive their right to counsel and because section 157.163 was not complied with, the November 21, 2011 orders of contempt and commitment are void. We sustain issue one and set aside those orders.[2]

REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Petition for writ of habeas corpus granted
Petition for writ of mandamus denied
Opinion delivered and filed February 15, 2012

---

[2] We need not address issue two, which asserts that Michele and Burt were denied their right to counsel.