# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-24-00753-CV

### In re Gary Wayne Inmon

### ORIGINAL PROCEEDING FROM COMAL COUNTY

### O R D E R   A N D   M E M O R A N D U M   O P I N I O N

We grant relator's March 10, 2025, abbreviated motion for rehearing; withdraw the opinion and judgment issued on November 22, 2024; and substitute the following opinion and judgment in their place.

In this original proceeding, relator Gary Inmon seeks a writ of habeas corpus, alleging that the trial court improperly ordered him to confinement after real party in interest Christine DeArmond moved to enforce the trial court's November 2022 Order in Suit to Modify Parent–Child Relationship. In that underlying November 2022 Order, the trial court had found Inmon in contempt and ordered him to pay $35,000 in attorneys' fees as sanctions for violating the court's prior orders. In this proceeding, Inmon complains of the trial court's February 2024 Order of Enforcement by Contempt and Suspension of Commitment. In the March 2025 motion for rehearing, he argues for the first time that the trial court failed to admonish him of his right to

counsel and his privilege against self-incrimination and that he was not personally served with the petition for enforcement. Because we conclude the enforcement order was issued in violation of Inmon's right to due process, we conditionally grant the writ.

## BACKGROUND

Inmon and DeArmond were divorced on June 28, 2019. They had one child together. In February 2021, Inmon filed a Petition to Modify Parent–Child Relationship, requesting changes to visitation times. On October 13, 14, and 20, 2022, the trial court conducted a bench trial on Inmon's petition to modify and DeArmond's motion for enforcement, as well as on various other pleadings filed by the parties. During the proceedings, the trial court concluded that Inmon had violated the Comal County standing order and the trial court's July 2021 Agreed Order regarding possession and access by engaging his son in improper conversations about the lawsuit. In November 2022, the trial court issued an order that in part read as follows:

> IT IS FOUND that Gary Inmon has failed to comply with the Court's Orders, namely the Comal County Standing Order and Agreed Order dated July 27, 2021 with regards to his conversations with the child the subject of this suit about this litigation and the subject of this litigation. IT IS THEREFORE ADJUDGED and ORDERED that Gary Inmon is in contempt of this Court.
>
> IT IS FURTHER ORDERED, based upon the finding of contempt and good cause to award Christine DeArmond judgment in the amount of Thirty Five Thousand and No/100 dollars ($35,000.00) for reasonable attorney's fees, expenses, and costs incurred by Christine DeArmond, with interest at 6 percent per year compounded annually from the date the judgment is signed until paid. The judgment, for which execution issue [sic], is awarded against Gary Inmon, Petitioner. Petitioner is ORDERED to pay the fees, expenses, costs, and interest to Christine DeArmond at 170 E. San Antonio Street, New Braunfels, Texas 78130 by cash, cashier's check, or money order on or before February 28, 2023, directly to Christine DeArmond [who] may enforce this judgment for fees, expenses, and cost in her own name by any means available for the enforcement of a judgment for debt.

Inmon failed to pay any attorneys' fees to DeArmond by February 28, 2023. On May 23, 2023, DeArmond filed a Petition for Enforcement of Attorney's Fees, asserting that Inmon had violated the November 2022 Order by failing to comply with the order requiring payment of the $35,000 award of attorneys' fees. She requested that the trial court enforce that portion of the November 2022 Order by contempt, specifically requesting confinement and fines.

On September 19, 2023, the trial court conducted a hearing on DeArmond's petition for enforcement. At the hearing, the trial court found that Inmon had violated the November 2022 Order by failing to pay the $35,000 in attorneys' fees. After DeArmond's counsel prepared proposed orders memorializing the trial court's findings at the hearing, Inmon filed a motion objecting to the proposed orders, followed by two amended motions objecting to the proposed orders and a motion for reconsideration of the trial court's ruling on DeArmond's amended petition for enforcement.

On February 15, 2024, the trial court conducted a hearing on DeArmond's motion to enter her proposed orders and Inmon's motions objecting to the proposed orders and his motion for reconsideration. That same day, the trial court signed the Order of Enforcement by Contempt and Suspension of Commitment.

In the February 2024 Order, the trial court first reiterated its findings from the November 2022 Order that Inmon had violated the trial court's prior orders by speaking about the ongoing litigation to his child and had in consequence been ordered to pay $35,000 in attorneys' fees. Second, the court found that Inmon had violated the November 2022 Order by failing to pay the judgment for attorneys' fees. The court also made the following findings:

> IT IS FOUND AND CONFIRMED that enforcement of the Comal County Standing Order and Agreed Order dated July 27, 2021 with which [Inmon] failed to comply is necessary to ensure the child's physical or emotional health or welfare.

3

IT IS FURTHER FOUND that enforcement of the Order in Suit to Modify Parent–Child Relationship signed by the Court on November 22, 2022 with which [Inmon] failed to comply is necessary to ensure the child's physical or emotional health or welfare.

IT IS ADJUDGED that Gary Inmon is in contempt for each separate violation enumerated above.

The trial court held Inmon in both criminal and civil contempt. For criminal contempt, he was ordered to serve a period of 180 days of confinement in the Comal County jail for each of the two violations, with the periods of confinement to run concurrently. For civil contempt, he was sentenced to confinement in the Comal County jail for a period not to exceed eighteen months, including time served for criminal contempt, or until he paid the $35,000 in attorneys' fees, plus the accrued interest.

The February 2024 Order also suspended Inmon's commitment and placed him on community supervision for thirty days on the condition that he pay the $35,000 in attorneys' fees by 5:00 p.m. on March 17, 2024. If he failed to do so, the trial court ordered that his suspension of commitment would be revoked effective 9:00 a.m. on March 18th, and he would be required to serve his commitment. Additional attorneys' fees were also awarded to DeArmond, as well as conditional attorneys' fees in the event of an unsuccessful motion for new trial or for reconsideration or an unsuccessful original proceeding or appeal.

On October 29, 2024, the trial court issued a writ of capias for Inmon's arrest, and Inmon was arrested and incarcerated. On November 18, 2024, Inmon filed this petition for writ of habeas corpus, and, the following day, he requested emergency temporary relief staying the February 2024 Order. We initially denied the petition on November 22, 2024. *In re Inmon*, No. 03-24-00753-CV, 2024 WL 4867277, at *1 (Tex. App.—Austin Nov. 22, 2024, orig.

4

proceeding) (mem. op.). On March 10, 2025, Inmon, now represented by new counsel, filed an "abbreviated" motion for rehearing and a motion for temporary emergency relief to release him from confinement pending disposition of his petition. On March 11, 2025, we requested that DeArmond file a response to the motion for temporary emergency relief not later than March 17, 2025, but she did not do so. We granted the motion for temporary relief on March 25, 2025, ordering that Inmon be discharged from custody on personal bond pending our resolution of his habeas petition or further order of this Court.

On April 7, 2025, Inmon filed a supplemental motion for rehearing, setting forth additional issues for review. On May 12, 2025, we requested that DeArmond file a response to the March 2025 abbreviated motion for rehearing not later than May 19, 2025, but, again, she did not file a response.

Because we conclude that Inmon's March 2025, motion establishes his right to the relief sought, we do not reach the additional issues raised in his April 2025 supplemental motion.

**STANDARD OF REVIEW**

As a general rule, a person who willfully disobeys a valid court order may be held in contempt and is subject to punishment by imprisonment for a prescribed period of time (criminal contempt) and may be ordered confined until the person complies with the order (civil contempt). *In re McLaurin*, 467 S.W.3d 561, 564 (Tex. App.—Houston [1st Dist.] 2015, orig. proceeding) (citing *Ex parte Hall,* 854 S.W.2d 656, 658 (Tex. 1993) (orig. proceeding); *Ex parte Werblud,* 536 S.W.2d 542, 545-46 (Tex. 1976) (orig. proceeding)). An original habeas corpus proceeding is a collateral attack on a contempt order, and we may grant relief only if the order is void. *See, e.g.*, *Ex parte Dustman*, 538 S.W.2d 409, 410 (Tex. 1976) (orig. proceeding); *Ex parte Helms*, 259 S.W.2d 184, 186 (Tex. 1953) (orig. proceeding). A contempt order is void if it is beyond the

5

power of the court to render it or if it deprives the relator of liberty without due process of law. *In re Henry*, 154 S.W.3d 594, 596 (Tex. 2005) (orig. proceeding). The relator bears the burden of showing that a contempt order is void and not merely voidable. *In re McLaurin*, 467 S.W.3d at 564.

## ANALYSIS

In four issues, Inmon argues that the February 2024 Order of Enforcement is void because the trial court failed to admonish him of his right to be represented by counsel, his right to court-appointed counsel if indigent, and his privilege against self-incrimination, and because he allegedly was not personally served with the First Amended Petition for Enforcement. Because we conclude that the record establishes Inmon's right to relief based on the first issue alone, we need not and do not reach the others.

Section 157.163 of the Texas Family Code provides, in relevant part:

(a)     In a motion for enforcement . . ., the court must first determine whether incarceration of the respondent is a possible result of the proceedings.

(b)     If the court determines that incarceration is a possible result of the proceedings, the court shall inform a respondent not represented by an attorney of the right to be represented by an attorney and, if the respondent is indigent, of the right to the appointment of an attorney.

Tex. Fam. Code § 157.163. In his first issue, Inmon argues that the trial court failed to comply with these statutory requirements during the September 19, 2023, hearing on DeArmond's motion for enforcement because the trial court, aware that incarceration was a possible result of the proceedings, failed to inform Inmon, then proceeding pro se, of his right to be represented by counsel. We agree.

6

The Texas Supreme Court has long held that, "[i]n the absence of a knowing and intelligent waiver by [a party] of [the party's] right to counsel, made on the record, the trial court [has] no authority to hold [the party] in contempt." *Ex parte Keene*, 909 S.W.2d 507, 508 (Tex. 1995) (orig. proceeding) (applying predecessor statute to Family Code Section 157.163); *see also Ex parte Acker*, 949 S.W.2d 314, 316 (Tex. 1997) (orig. proceeding) ("[S]ection 157.163 requires courts to admonish pro se litigants of their right to counsel, regardless of whether they are indigent or not."); *In re Andrews*, No. 03-25-00163-CV, 2025 WL 1056802, at *5 (Tex. App.—Austin Apr. 9, 2025, orig. proceeding) (mem. op.) (court's failure to admonish relator of right to counsel rendered commitment arising from contempt order void). Here, DeArmond's petition for enforcement explicitly requested that Inmon be "held in confinement for up to six months for each alleged violation," and the record makes clear that incarceration was contemplated from the outset of the hearing, as evidenced by the following exchange recorded on the first page of the hearing transcript:

> THE COURT: Okay. Are you asking for in excess of 180 days?
>
> [RPI'S COUNSEL]: No, Your Honor.
>
> THE COURT: Regardless of whether it's consecutive or concurrent?
>
> [RPI'S COUNSEL]: Correct, Your Honor.
>
> THE COURT: Then, Mr. Inmon, I'll tell you that I will not consider more than 180 days, so that obviates the need for a jury trial.

Thus, the trial court made the determination required by Section 157.163(a) of the Family Code that confinement was a possible result of the proceedings. Moreover, the Appearances page of the reporter's record identifies Inmon as the pro se respondent, hence "a respondent not represented

7

by an attorney" under Section 157.163(b) of that section. Accordingly, all conditions were met to trigger the trial court's statutory duty to admonish Inmon on the record of his right to counsel on the record. Because the record discloses no such admonishment, we hold that the February 2024 Order of Enforcement was and is void.

## CONCLUSION

Having held that the trial court's February 2024 Order is void, we conditionally grant the petition for writ of habeas corpus and direct the trial court, no later than fifteen days from the date of this opinion, to vacate the "Order of Enforcement by Contempt and Suspension of Commitment" signed on February 15, 2024. We are confident the trial court will comply. The writ will issue only if it does not.

_____

Gisela D. Triana, Justice

Before Chief Justice Byrne, Justices Triana and Theofanis

Filed: July 3, 2025

8